Christmas *against* Thompson and another.          *Philadelphia.*

### In Error.                                          *Saturday,*
                                                      *April 5.*

ERROR to the District Court of the city and county of *Philadelphia,* in a replevin which was submitted to arbitrators.  An award was returned and filed in the prothonotary's office, on the 20th *April,* 1816, in favour of the plaintiff, for 221 dollars and 66 cents.  On the 23d of the same month the arbitrators returned to the office another award in favour of *Thompson,* the avowant, for 221 dollars 66 cents, and they mentioned in the last award, that "they file this as the "award intended to have been returned by them in the first "instance, a mistake having occurred in the paper before re-"turned by them as their award."  On both these awards the prothonotary made an entry of judgment *nisi.*

*If arbitrators have made a mistake by filing an award for the plaintiff in replevin, when they intended to find for the avowant, they cannot correct it by filing another award. The Court in which such award is filed, may send it back to the arbitrators to correct the mistake.*

*Ewing,* for the plaintiff in error, contended, that the last judgment was erroneous and must be reversed.  The first award was in the nature of a judgment, and the arbitrators had no power to alter it.  The Court below ought to have been applied to, to rectify the mistake.  The Court may send an award back to the arbitrators to amend matter of form. To allow arbitrators thus to change their awards, would be attended with most dangerous consequences.  The plaintiff had no notice of this second award, and might in such case lose his remedy by appeal.  We are willing, that both

1817.

CHRISTMAS
*v.*
THOMPSON
and another.

judgments should be reversed, though we see no error in the first.

*Shoemaker,* contra.    The plaintiff had a remedy by appeal. Here has been an evident mistake in using the word plaintiff instead of avowant, and nothing more.    The avowant is in the nature of a plaintiff.    The Court will support awards, and give a fair and reasonable authority to arbitrators to enable them to do justice. 6 *Binn. 32. 35. 336.*

TILGHMAN C. J. (After stating the case.) The arbitrators have taken a liberty which is not permitted by law.    Having returned an award, their authority was at an end.    But the District Court, upon application made to them by the arbitrators, and the mistake being explained, might have sent the award back to them, for the purpose of correcting the error. The act of assembly gives these awards " *the effect of a judg-* " *ment against the party against whom they are made,*" from the time of their entry on the docket of the prothonotary. There cannot be two judgments in the same action, one in favour of the plaintiff, and the other against him.    The second judgment is clearly void ; and as the plaintiff's counsel expressed his consent to the reversal of the first, (in which he acted with great propriety, because there was an evident mistake,) I am of opinion, that both judgments should be reversed.

GIBSON J. concurred.

DUNCAN J. concurred.

Both judgments reversed.