CAMP AND ANOTHER, *Administrators of Clark, against* ROOT.

*Where the parties in an action of replevin in a court of C. P. entered into a written agreement to refer the cause to B. to be determined by him on legal principles, and thereupon a rule was entered that the cause be referred to B. to be heard and determined by him, and that he report to the Court; and B. made a report, on which the Court below immediately gave judgment: Held, that this not being a case referable under the statute, but a voluntary submission to the arbitrament of B. it was a discontinuance of the suit, and the Court having no jurisdiction, the judgment on the award or report was erroneous.*

IN ERROR to the Court of Common Pleas of *Oneida* County. *Root* brought an action of *Replevin* against *Camp* and *Ann Clark*, administrators, &c. in which the defendants avowed a taking for rent, &c. The plaintiffs pleaded in bar to the avowries; to which pleas there was a demurrer and joinder. The parties, by their attorneys, entered into a written agreement, or rule by consent, referring this and two other actions to *Ezekiel Bacon*, to be determined on legal principles; and a rule was accordingly entered in the court below, as follows: "It is ordered that this cause be referred to *Ezekiel Bacon*, Esq. by him to be heard, examined, and determined, and that he report to this court." The referee afterwards, on the 14th *October*, 1818, made a report in writing, as follows, to wit: " Upon hearing the parties to the submission, by themselves and their counsel, and after full consideration of their respective pleas and allegations, I find," &c.——" I do, therefore, award and determine that the plaintiff recover for the illegal taking, &c. six cents damages." *Root*, by his attorney, moved that the report be confirmed, and for judgment thereon, for the damages

reported and the costs of suit ; and the Court below there- NEW-YORK,
upon gave judgment accordingly, for the damages, and 48 May, 1820.
dollars and 30 cents, costs.

CAMP
v.
ROOT.

*Sill* for the plaintiffs in error.

*N. Williams*, contra.

*Per Curiam.* This is plainly a case of submission to ar-
bitration ; it is, in no respect, a reference under the statute.
The parties chose to enter their submission upon the minutes
of the Court, and to direct the arbitrator to make report to
the Court; but all this does not vary the rights of the par-
ties, nor authorize the Court to give judgment immediately
on the award.

The submission to arbitration was a discontinuance of
the suit.

In the case of *Yates* v. *Russell*, in the Court of Errors, *(a)*
it was expressly stipulated by the attorney for the defend-
ant, that if the referees reported against him, judgment
should be entered against him for the sum so reported.
And that was considered equivalent to a plea of confession
for that amount. But in this case there is no such stipula-
tion. We are, therefore, of opinion, that Mr. Bacon's report
is to be regarded as an *award merely ;* and that the judg-
ment thus *summarily* entered upon it was *erroneous.*

Judgment of reversal.

*(a) Vide* 17 *Johns. Rep.* 461.