JOSEPH ROSS *et al.,* plaintiffs in error, *v.* MATTHEW NESBIT, defendant in error.

## *Error to DeKalb.*

In an action of trespass *quare clausum fregit,* the defendants pleaded that the *locus in quo* belonged to the United States, and that one of the defendants had, long before the commission of the supposed trespasses, and at the time thereof, a "claim title" to said land, and had built a dwelling house thereon, and was then and there the owner thereof, and·as such, he and the other defendants, as his servants, entered said land as they lawfully might, and removed the said dwelling house, &c: *Held,* that the plea was informal and insufficient for not alleging possession in the defendant, Jones, at the time of the plaintiff's entry, possession being the foundation of his right.

To an action of trespass *quare clausum fregit,* it was pleaded, in substance, that since the commencement of the suit, the parties had agreed to submit the supposed trespass to the award and final arbitration of certain referees, naming them, and that the defendants had ever since been, and were then ready to fulfil the agreement on their part: *Held* to be no bar to the suit, and that the plea, whether regarded as a plea in abatement, or a plea of *puis darrein continuance,* was defective both in form and substance.

A plea of *puis darrein continuance* must show facts happening after the last continuance, the day of the continuance, and the time and place where the defence arose. If it be in abatement, it must conclude by praying judgment of the writ, and that the same may be quashed; or if the writ abates *de facto,* by praying judgment if the Court will further proceed.

If a party wish to plead the pendency of another suit for the same matter, he must show that it is still pending and undetermined at the filing of the plea.

TRESPASS *quare clausum fregit,* brought by the defendant in error against the plaintiffs in error in the DeKalb Circuit Court. The case was tried by the Hon. John D. Caton and a jury, at the April term 1845, when a verdict was rendered in favor of the plaintiff below for $92 damages. At the September term 1845, judgment, *nunc pro tunc,* was rendered upon the verdict.

*O. Peters,* for the plaintiff in error.

1. The third plea shows a good submission of the cause of action between the parties, and was properly pleaded in bar of the further maintenance of the suit. It has been repeatedly decided in New York, that the defendant can avail himself of such a defence by pleading it. *Town* v.

*Wilcox,* 12 Wend. 503; and the submission operated as a discontinuance of the suit. *Camp* v. *Root,* 18 Johns. 22.

2. The fourth and fifth pleas, though informal, are good in substance, and cannot be objected to on general demurrer. They sufficiently show that Jones had a right of entry into the *locus in quo.* A right of possession will justify an entry even with force, if it can be done without a breach of the peace. 13 Johns. 235. Such a right or estate as is claimed by Jones in these pleas, is well understood in the northern counties of the State, where most of the lands, until recently, belonged to the United States, and were in the possession of occupying claimants, or claimed by residents upon or near the lands. And this kind of estate or right is authorized by our statutes. Laws of 1837, 1838, 1839.

*A. Lincoln,* for the defendant in error.

The *third* plea sets up matter in bar, but not for the discontinuance of the suit merely. *Smith* v. *Barse,* 2 Hill's (N. Y.) R. 387.

The *fourth* plea is bad, for it neither admits or denies, confesses or avoids.

The Court will consider these pleas, and examine the authorities of the plaintiffs in error, and if the Court can *then* decide that they are good pleas in trespass, we will cheerfully submit.

The Opinion of the Court was delivered by

KOERNER, J.* Nesbit sued the defendants below, plaintiffs in error, in an action of trespass *quare clausum fregit,* at the April term 1844, of the De Kalb Circuit Court. The declaration was in the usual form. At the September term 1844, the defendants below pleaded five pleas, on the two first of which issue was joined, and to the three last of which the plaintiff, Nesbit, demurred generally and severally, which demurrer was sustained by the Court. The issues on the first and second pleas were tried by a jury, who returned a

---

*WILSON C. J., did not sit in this case.

verdict for plaintiff below for $92·00, as damages, and judgment was rendered accordingly.

The special error assigned questions the decision of the Circuit Court, on sustaining the demurrer to the three last pleas.

The fourth plea alleges that the *locus in quo* was land belonging to the United States, and that Jones, one of the defendants, had, long before the commission of the said supposed trespasses, and at the time thereof, a "claim title" to said land, and had a dwelling house thereon, and was then and there the owner thereof, and as such, he and the other defendants, as his servants, entered the said land as they lawfully might, and removed the said dwelling house.

The fifth plea is similar to the fourth, alleging in substance, that said land belonged to the United States; that Jones had a "claim title" thereto, and a right to possess the same, and that said plaintiff, Nesbit, had intruded himself and entered upon said claim, and that he, Jones, for the purpose of asserting his own rights, had, aided by his neighbors, the other defendants, entered upon said close, and had, according to the custom of the neighborhood in such cases, committed the said supposed trespasses.

The facts presented in said pleas furnish no defence to the plaintiff's action. The fourth plea contains allegations which, though very informal, might be considered as constituting the plea of *liberum tenementum*, were it not that the pleader qualifies this ground of defence very materially by stating that he had a title claim thereto, by which expression he sufficiently indicates that he relies on his right to the close, by what is technically called, in that section of the country, a "claim." The idea of *"liberum tenementum"* is moreover utterly negatived by the introductory averment, that said land belongs to the United States.

The fifth plea is still more explicit as to the nature of the defence intended to be set up.

We consider the defence relied on in these pleas wholly insufficient. Neither of them alleges that the defendant, Jones, at the time of plaintiff's entry, was in possession of

the said public land, and whatever may be the rights guaran-tied by the legislature of our State for wise and beneficial purposes, to settlers on the public lands, they all must neces-sarily rest on actual possession, or occupancy. This posses-sion once gone, every intruder has, at least, as good a right as he who has abandoned what, in fact, never belonged to him.

The third plea is one deserving of more serious considera-tion. It was substantially, that plaintiff ought not further to have and maintain his action, because that since the commence-ment of this suit, on the fourteenth day of March, 1844, the said defendants and the said plaintiff made and entered into an agreement, in and by which the said parties agreed to submit to the award and final arbitrament of one William Olmstead and two others, the said supposed trespasses, and that said defendants have ever since, and are now ready and willing to fulfil said agreement on their part; whereupon they pray judgment if the plaintiff his action aforesaid ought further to have or maintain.

It has been expressly decided by this Court in the case of *Frink* v. *Ryan*, 3 Scam. 324, that a submission to arbitra-tion before the commencement of the suit does not oust the Court of its jurisdiction, and that it cannot be pleaded in bar or abatement of an action at law, or a proceeding in Equity, instituted for the purpose of having the same matter determined. The leading authorities for establishing this point have been there collected and carefully revised.

The counsel for the plaintiffs in error has referred to sev-eral decisions in New York, 18 Johns. 22; 2 Wend. 505; 12 do. 503; 15 do. 99, where pleas similar to the one under consideration, (though the pleas not being set out in the cases, we are not enabled to judge fully of their similarity, or identity,) have been held good as pleas in bar, or at least, as operating to discontinue the suit, where the submission was alleged to have been made after the commencement of the suit.

I confess that I am unable to perceive the reason of this distinction. These pleas can certainly not be considered as

a permanent bar to the action, for on the failure of the arbitration by revocation, or otherwise, the original cause of action would still subsist. If they are to have the effect of discontinuing the action, all the plaintiff has to do, is to recommence his suit, and the submission having then been made before the commencement of the new suit, the defence before successfully interposed falls to the ground.

From the decision in the 15th of Wendell, made by the Court of Errors, the Chancellor (Walworth) and several eminent lawyers dissented, contending for the doctrine, that a plea merely stating a submission, without an award was insufficient for any purpose; and indeed the latest decision on this point, made by the Supreme Court of New York, (*Smith* v. *Barse*, 2 Hill, 387,) seems to unsettle the former adjudication. In that case a submission was pleaded in bar, and the Court, in delivering the opinion, says, "a motion, not a plea, would have been the appropriate remedy of the defendants. The facts alleged in the plea only show that the suit was out of Court, not that the action was barred. In regarding this as a proper case for pleading in bar, it is not improbable that both parties may have been misled by the cases in the twelfth and fifteenth volumes of Wendell. It is evident in both cases that the attention of the Court was only called to the question, whether the pleas showed that the suit had been discontinued, and it was held in accordance with former decisions, that a submission to arbitration amounts to a discontinuance of the suit. These cases must not be considered as having decided any thing more than I have mentioned. Had the point been made, that the matter set up by the defendant was not pleadable as a bar, but should have been taken advantage of by motion, it cannot be doubted that judgment would have been given for the plaintiffs instead of defendants.

This opinion accords with the views expressed by the Chancellor and others, in the case of *Wells* v. *Lain*, in the fifteenth volume of Wendell. Some members of the Court in that case thought such an agreement should be pleaded

Ross *et al. v.* Nesbit.

in abatement.   The case cited in one of the New York deci-
sions from the 17th Mass. does not, in my opinion, sustain
the position which it is cited to bear out, and authorities
from other States I have been unable to find.

Testing the validity of this plea by the general principles
of pleading, which, after all, may be more safely resorted to
than isolated decisions of Courts, we are of opinion, that it
is defective in form and substance.   In its nature it is a plea
in abatement, since it does not strike at the original cause
of action, and being pleaded since the last continuance, and
not at the first term, it is technically a plea *puis darrein con-
tinuance.*   As a plea in abatement it was filed too late, and
as a plea *puis darrein continuance,* it was improperly put on
the files, since such a plea must show facts happening after
the last continuance and not before it.

This plea shows that the submission happened after suit
commenced, but before the last continuance.   It was not
verified by affidavit, which was necessary for the twofold
reason that it was a plea in abatement, and a plea *puis dar-
rein continuance.*   As a plea in abatement it ought not to
have been filed with the pleas in bar.   For all these reasons,
the plaintiff might have disregarded it, or on motion, might
have had it removed from the files.   As a plea in abatement,
it lacks all form, and a general demurrer reaches formal de-
fects in a plea in abatement.

A plea *puis darrein continuance* must also be framed with
the greatest precision.   The day of the continuance must be
shown, and the time and place must be alleged, where the
matter of defence arose.   If a plea of *puis darrien* be one
in abatement, as this is, it must conclude by praying judg-
ment of the writ, and that the same may be quashed; or if
the writ abates *de facto,* as it would in this case, by praying
judgment if the Court will further proceed.   1 Chitty's Pl.
699.   A general demurrer reaches all these defects in a plea
of this kind.   But considering this plea in the most favorable
light for plaintiffs in error, as one in bar to the action, does
it really present a valid defence?   In the first place the de-
fendants state, that they entered into an agreement to submit

Ross *et al. v.* Nesbit.

to arbitration, not that they actually did submit. This may have been only an executory agreement, never actually carried out, and certainly if there never has been an actual submission, how can it be contended that the parties have established for themselves a tribunal of their own choosing—a voluntary jurisdiction which ousts the Court of theirs? When it is considered that the plea filed in September, 1844, avers that this agreement was made in March, 1844, is not the inference irresistible, from the mere lapse of time, that it was never carried out? The conclusion of the plea, alleging that the defendants are still willing on their part to fulfil the agreement, leaves but little doubt that the submission was never actually made, or if made, has long since failed.

But construing this language to mean an actual submission, must not the pleader affirmatively show that the cause was still pending before the referees and undetermined at the time of the plea being filed? I think he should have done so. If a party wishes to plead the pendency of another suit for the same matter, he must show that it is still pending and undetermined at the filing of the plea, according to the view which the Court is disposed to take in regard to such pleas, and for which strong authority is not wanting. This defence is very similar to a plea of *lis pendens*, and ought to contain similar averments. Both defences depend, essentially, on the same principle, which is, that another jurisdiction has already taken hold of the same subject matter. The present plea is defective in every view that the Court has been able to take of it.

The demurrer to the three last pleas was properly sustained by the Court below, and judgment must be affirmed with costs.

*Judgment affirmed.*