## MESSENGER vs. BROOM.

1. REFERENCE — WHEN AN ARBITRATION. In actions of *tort* not referable by statute, if the parties refer the cause by stipulation or rule, or both and merely provide that the referees shall report, such reference amounts to an arbitration, and operates as a discontinuance; but if the parties provide that judgment shall be entered on the report or award, and judgment is entered accordingly, the parties are concluded by their agreement, and will not be heard to allege that the reference and judgment were not warranted by law.

2. REFERENCE. Where an action of assumpsit, which did not require the examination of long accounts, and not strictly referable under the statute, is referred by consent, it does not work a discontinuance. And such consent concludes the parties from making any objection on the ground that it was not referable, and amounts to an admission that the case was within the statute ; and if for any cause the report is set aside, the cause remains in court for further proceedings.

3. PRESUMPTION — PRACTICE. Where parties and counsel acting under a rule of court return their proceedings under the rule, it will be presumed that they are regular and in conformity to law, and a general,

Messenger vs. Broom.

vague objection thereto will not be regarded, but the particular grounds of objection must be distinctly stated.

4. PRACTICE. An action of assumpsit was referred by consent of the parties, and the referees made report which did not show that they were first sworn, and which was not proved by a subscribing witness, and the party against whom the report was made making only a general objection to the rendition of judgment thereon, judgment was entered according to the report, after which his counsel presented a bill of exceptions for signature, stating the aforesaid objections, which the judge refused to sign, and at once vacated the judgment and referred the report back to the referees for correction. *Held*, that the judge properly refused the bill, and that the judgment was properly vacated, and the report referred back for correction.

5. REFUSAL TO SIGN BILL. The refusal of a judge to sign a bill of exceptions cannot be reached by a writ of error.

6. CONTINUANCE. When a cause is continued generally without stating to what term, it operates as a continuance to the next term of court actually held.

7. SPECIAL AND ADJOURNED TERMS. It was competent for the legislature to provide by law that the judge of the district court might hold special or adjourned terms, when he deemed it necessary, for the transaction of business, and such an act is not in violation of the ninth section of the organic act.

8. PRACTICE. A party must bring forward all his objections to a proceeding at the same time, and will not be allowed to present them piecemeal.

ERROR to the District Court for *Milwaukee* County.

Assumpsit brought by *Broom* against *Messenger* on two promissory notes. Plea of *non-assumpsit* and set-off. By consent an order was entered referring the case to three referees, who filed their report June 27, 1845, in favor of the plaintiff for $255.12. July 2, 1845, the report was confirmed and judgment for the amount reported was rendered in favor of the plaintiff; the defendant objecting thereto, in general terms, without assigning particular reasons. The report was not authenticated and proved by a subscribing witness, etc., as required by the statute, and it did not show that the referees had first been duly sworn, etc.

The defendant tendered a bill of exceptions stating these objections, which the district judge refused to sign, and he excepted to such refusal, and these matters were

all embraced in a bill of exceptions signed by the judge in which it is stated that : "The defendant gave no reason for objecting to said report of referees and did not call the attention of the court to the nature of his objections thereto until the judgment was rendered, when immediately thereupon said counsel presented to the court the above for the signature of the judge, which the judge refused to sign, as the court had not until then been apprized of the nature of the objections to said report. Immediately after reading the above, and within five minutes after the entry of the judgment, the court ordered the said judgment or entry thereof to be vacated and re-referred said report to the referees to add in their report that they were first duly sworn and to have the execution of said report attested by a witness," etc.

The judgment was vacated and the report was referred back to the referees, and on the following day they returned their report properly proved and showing that they were first duly sworn, etc., and that day the cause was continued generally.

At a special term held in September, 1845, the defendant moved the court to set aside the report on other grounds, but the court overruled the motion and confirmed it and rendered a judgment thereon in favor of the plaintiff.

*I. P. Walker*, for plaintiff in error.

1. At common law references were unknown as a part of the proceedings of courts. The statute has provided a method by which upon special submission and report judgment may be entered, but if the statute is not strictly pursued no judgment can be entered. Where a cause is pending which is not referable by statute, or is referred in any other way such reference works a discontinuance and the court would have no power to render judgment on the award. It would amount to a mere arbitration. 13 Wend. 293.

2. A reference can be ordered only where a long account is to be examined. 6 Wend. 503; 10 id. 577.

The record shows that there are two notes and does not show any bill of particulars or items of an account. 5 Cow. 588. But if it was referable then it was error to render judgment against the defendant's affidavit showing injustice in the report, which was not contradicted. 8 Cow. 136 ; 4 Wend. 178.

3. The judgment was rendered at a special term. The time for holding it was not fixed by statute, and the power to fix the times and places of holding courts is given by the organic act to the legislative assembly. The legislative assembly was bound to exercise this power and could not delegate it to the district judge.

No appearance for the defendant in error.

DUNN, C. J. The defendant in error, *Broom*, brought his action of assumpsit against *Messenger*, the plaintiff in error, in the district court of Milwaukee county, at the June term, 1844. At the same term the defendant in the action filed his plea of non-assumpsit with notice of set-off ; issue was taken thereon and the cause continued to November term, 1844, and then continued to June term, 1845. At said term the case was, by consent of parties, referred to referees, and the referees reported to the court thereon at the same time. The report was accepted, and judgment entered in favor of *Broom* for the amount of $255.12, as awarded by the referees. On same day the judgment was set aside, and the report re-referred to the referees, that they might in addition report whether or not they were duly sworn, before entering on their duties as referees, and to have the execution of their report authenticated. Afterward at same term, the referees made their second or amended report accompanied by proof, that they had been duly sworn before entering on their duties, and proof of the due execution of their report or award. On the same day, plaintiff in error, *Messenger*, filed his bill of exceptions which was signed by the court, and the cause was continued. Afterward at a special or adjourned term of the said court, on the 19th

day of September, in the same year, the plaintiff in error, *Messenger*, filed his motion and affidavits to set aside the report, for the reasons set out in the affidavit.    On a day subsequent, the 29th September of same term, the court overruled the motion and rendered judgment in favor of defendant in error, *Broom*, for $255.12, the sum awarded and costs.    The court will dispose of the errors assigned by commencing with the sixth error, being from the nature of the objections raised necessarily first to be considered.

The position assumed to maintain this assignment of error is, that the case at bar is not referable under the statute, therefore if referred under a rule of court by consent without an agreement that the referees should report to court, and that the court should enter judgment thereon, it is an arbitration, and operates as a discontinuance.    If this position be correct, the objection should have been, that the court erred in taking further cognizance of the case, it being out of court by operation of law, or the acts of the parties, instead of "that the court erred in rendering final judgment for the defendant in error, *Broom*, on the report, and in not rendering judgment of discontinuance."    The court will not be particular, however, on this point, but will proceed to examine the substantive merits of this objection.

The principle insisted on is maintained in 18 Johns. 22; 13 Wend. 293; 17 Johns. 129; id. 461.    In all the cases cited the action was in *tort*, and not on *contract*. In the case of *Green* v. *Patchen*, 13 Wend., above referred to, Chief Justice SAVAGE states the result of the decisions on this point thus:   "That in all actions not referable by statute, if the parties refer the cause to referees, by stipulation or rule, or both, and merely provide that the referees report, such reference is an arbitration, and operates as a discontinuance.    But if the stipulation of the parties provides that a judgment shall be entered upon the report or award, and judgment is entered accordingly, the parties are concluded by their agree-

ment, and cannot be heard to allege that the reference and judgment were not warranted by law."

In the case of *Harris* v. *Bradshaw*, 18 Johns. 26, decided after the case above referred to of *Camp* v. *Root*, a distinction is drawn between actions in *tort* and in assumpsit as to their reference. In *Harris* v. *Bradshaw*, SPENCER, C. J., delivered the opinion of the court. The case reported was an action of assumpsit on the report of referees under a rule by consent, but without a stipulation or direction in the rule that the referees should report to the court, and that judgment was to be rendered thereon. The declaration stated a special contract as the foundation of the first action, and that the case did not require the examination of a long account, nor was it referable under the statute ; that judgment had been rendered on the report which was afterward set aside, or vacated, for reasons not appearing in the case. Two principles are settled by the opinion, which apply in the case at bar. The chief justice says in the opinion : "I am satisfied that, had the court of common pleas given judgment for the plaintiff on the report, that said judgment would have been above all exceptions, for although, strictly speaking, the case might not have required the examination of long accounts, the consent of the parties to a reference would have concluded them from making the objection, because, it being an action of *assumpsit,* there might have been long accounts. The reference was an admission that the case was within the act, and the court of common pleas would never have listened to an objection to the contrary. Had the action been in *tort,* then the objection to the jurisdiction of the court to refer the cause would have been open to either party on a writ of error. I do not think the plaintiff can treat the report as an award, and sue upon it. The differences between the parties were not referred, but the cause pending in court was referred ; and so the parties considered it, for the plaintiff entered a judgment. This judgment was vacated, upon what grounds we are not informed, but,

we must intend, for good and valid reasons; and it appears to me that the vacating the rule for judgment annulled the report. The court of common pleas had jurisdiction, and their rule, unless itself vacated, put an end to the effect of the report. This left the plaintiff where he was before, at liberty to go to trial in the original cause," and he concluded by deciding that the action on the report could not be sustained. In this case it is settled that, in an action of assumpsit, referred by consent, though strictly speaking, the case might not have required the examination of long accounts, the consent of the parties would conclude them from making any objections, because it being an action of assumpsit, there might have been long accounts. The reference being an admission that the case was within the act, a court would never listen to an objection to the contrary. And it is further settled that such a reference in such a cause, the cause itself being referred, as in the case at bar, does not operate as a discontinuance; but that the cause remains in court for further proceedings, if the report be annulled or set aside. We find no conflict of authority on these points in actions of assumpsit, and are of opinion that the district court decided correctly in respect to the reference, and in refusing to consider it as a discontinuance of the cause.

The next error assigned which we will consider is, "that the court erred in accepting the report of the referees, and entering judgment thereon, without any proof of the execution of said report, or that the referees had been sworn." Before disposing of the merits of this position, we will premise that, when parties and counsel, acting under a rule of court, upon consent, return their proceedings into court, it will be presumed that they are conformable to the rule and the law in such cases, the counsel being officers of court charged with the due and proper execution of the rule according to law, in which they are presumed to be skilled. A general, vague objection will not be regarded by the court. The grounds

of objection should be stated by the counsel making it, so that the attention of the court may be drawn to the particular question, to be settled. From the record in this case, it was not required of the court to consider the general, vague objection made to the report. If, after judgment, a bill of exceptions is presented, in which, for the first time, the grounds of objections to the report are specified, the court may consistently refuse the bill, but admit the force of the objections thus particularly noted, set aside the judgment, and re-refer the cause to the same referees for full report.

All this was done within five minutes, as noted on the record, and before the minutes of the court could have been possibly extended on the record. No tribunal of justice has ever indulged exceptions on questions never *really* presented for consideration, and which were never *really* decided by the court. We admit that under the statute (Rev. Laws, page 210), the court could not accept the report until the execution thereof had been proved by affidavit or otherwise, according to the practice of courts in like cases.

The practice of courts is that this proof be made and accompany the report. And as we have before said it will be presumed that this practice had been observed, until the defect be specifically objected. If the court acting within its powers over the subject, on the instant made such orders and rules as cured the defect complained of, there certainly can be no error maintained for such proceeding.

The defect being supplied and the action of the court being legal and proper, the record in this respect stands upon a sound basis. In *Lee v. Curtiss,* 17 Johns. 86, the court decided that the record ought to be amended according to the truth of the case so as to do justice between the parties, and ordered that the record be amended by striking out the verdict and judgment and entering in their stead a judgment of nonsuit. In *Croswell v. Byrnes,* 9 Johns. 133, it is clearly laid down that a court has competent power at a subsequent term to set aside a

judgment of the former term for irregularity ; but that it must be done by a formal judgment extended on the record, a mere entry on the minutes, setting aside a judgment of record, would not effect the object. The maxim in this as well as in other cases is, that *nihil tam naturale quam quidlibet dissolvo eo modo quo ligatur*. And it has been frequently held that the courts cannot regard any proceeding as a matter of record until it is enrolled, by which we understand as applicable to practice in our courts extended on the record. 1 Salk. 329 ; 1 Ld. Raym. 243 ; Jenk. Cent. 25. If a court has power over its solemn judgments formally extended on the record even at a subsequent term, then *a fortiori* it has power over its minutes and short entries at the same term and within five minutes.

For the purpose of correcting an award or report, where mistake or omission has occurred the courts will without consent of parties re-commit the report. *Eller v. Edwards*, 2 Binney, 43 ; 4 Watts, 65 ; 3 Serg. & Rawle, 133.

All mistakes were amendable at common law during the same term. 1 Tidd. 696 ; 8 Co. 157 ; Gill. C. P. 168.

It is also insisted that the court erred in refusing to sign the bill of exceptions first presented in this cause. We have before adverted to this refusal, and will only add that if the refusal had not been warranted, a writ of error is not the proper remedy. 2 Tidd. 864. There numerous authorities are cited to the point, which also show what kind of writ shall be used to compel the judges to put their seals to the bill. We will consider the fourth error assigned : " That the court erred in continuing the cause indefinitely on the 3d day of July which was of the June term, 1845." On the 3d day of July of the June term, 1845, the record in the case shows the filing in court of the amended or second report of the referees, the exceptions by defendant to the order of the court, accepting the first report and entering judgment thereon, and the further order setting aside the judgment and re-committing the report for correction. And an

order in these words "same day this cause was continued," such continuances are made definite by law, and operate as continuances from the term then being holden, to the next term.   In the statute of 1844, page 24, section 7 of "an act relating to the district court in the second and third judicial districts and for other purposes," it is enacted that "it shall and may be lawful for the judge of the district courts for either of the aforesaid counties to hold special or adjourned terms at any time he shall deem it necessary, for the purpose of hearing and disposing of all motions or questions of law, and all judgments, orders or decrees that may be made or entered at said special terms shall be as valid and effectual to all intents and purposes as any judgments, orders or decrees made or entered in term time."   The argument for plaintiff in error on this point, is more speculative and ingenious than substantial and practicable.

We believe that the organic law authorizes the legislature to make just such regulations or provisions concerning the terms of our courts, as it has done in the sections of the law quoted.   The times and places of holding our district courts may be prescribed by law — ninth section, Organic Act ; under this power the legislature have passed a general law fixing or prescribing the times and places of holding the district courts, making therein a special provision, that the judges of the districts referred to may, *ex necessitate*, hold special or adjourned terms. The emergencies requiring such terms, could not of course be anticipated by the legislature, and they were left to the respective judges to decide, and the determination of the judge on the emergency, "prescribed by law" as to the time and place of holding the court.   Any other construction would cripple legislative action on this subject under the organic law, and cases of emergency calling for prompt judicial action, would be unprovided for, because they could not be anticipated so as to designate time and place of affording remedy.   This view appears to us to be founded in reason, and to be the aim and object of the

organic act in respect to the terms of courts. The term being prescribed by law there can be no objection to the judgment, for being rendered at such term.

The remaining error assigned is, "that the court erred in rendering judgment on the report of the referees, while the motion and affidavit filed by the defendant below, to set aside the report were uncontradicted by the plaintiff below." Admitting the principles settled in 4 Wend. 198; 8 Cow. 136; 7 id. 477, the plaintiff in error does not show his claim to the benefit of those principles, on the record in this case. Because he first made a general, vague objection to the report, without specifying any thing, the two specific objections were stated in a bill of exceptions, to wit: That it did not appear in the report, that the referees were sworn, and that there was no proof of the execution of the report." The court refused to sign the bill, because these questions had not been decided but admitted their force, and recommitted the report, for correction in these particulars. The report was corrected and reported back to the court, with the correction. Thereupon he made other and different objections to the whole matter of the report, and accompanied the same by affidavits. The last objections were untimely and entirely inadmissible upon any and every principle of correct practice, and the court was right in overruling them.

He should have stated all his objections then supposed to exist at a proper time and in a proper manner; where exceptions have been filed in due time to the report of the referees, the court will, upon good cause shown, permit additional exceptions to be filed. 1 Wash. C. C. 319. We are of opinion that the judgment of the district court be affirmed with interest, at the rate of seven per cent per annum, on the principal from the rendition of judgment, and also ten per cent damages thereon to be included in the same execution.

Ordered that it be so certified to said district court to be carried into execution.