## HILLS VS. PASSAGE.

*Reference of a cause to the judge of the court, for trial.*

1. A reference of a cause for trial to the judge of the court, is not a valid statutory reference.

2. To give any effect to a trial by stipulation before the judge at chambers, the stipulation must provide for the rendition of judgment in open court, on the finding of the judge. *Dinsmore v. Smith,* 17 Wis., 20, in part overruled.

3. A reference not according to statute, and without a stipulation continuing the cause in court and providing for judgment on the report of the referee, is the same as a submission to arbitrators, and operates as a discontinuance of the action.

4. At the January term, 1865, of the court below, the parties stipulated that the cause be referred for trial to the judge of said court, and that should said referee's decision be made "after the March term and before the July term" of said court, judgment thereon might be entered as of the March term. The report of the referee was made and confirmed, and judgment entered, at the September term, 1865. *Held,* that the agreement must be construed with great strictness, and the judgment in this case was not authorized by the stipulation.

5. The referee's report not having been made within the time mentioned, the reference operated as a discontinuance of the cause.

6. If, on a reference to the judge, he may be regarded as acting as a judge at chambers, still he cannot, under the constitution of this state, receive any fees for such services.

COLE, J., dissents, except as to the last proposition.

APPEAL from the Circuit Court for *Walworth* County.

The case is stated in the opinion, so far as is necessary for an understanding of the points decided. The defendant appeals from a judgment for the plaintiff.

*Winsor & Smith,* for appellant.

*Barnes & Thomas* and *C. E. Griffin, contra.*

The following opinion was filed at the June term, 1866 :

DOWNER, J.   At the January term, 1865, of the circuit court, a stipulation, signed by the attorneys of the parties, was filed, by which they stipulated "that the case be referred to Hon. David Noggle, referee to hear, try and determine; and it is also agreed that should said referee's decision be made after the March term and before the July term of this court, the judgment on such report may be entered as of the March term of the court; and it is further agreed that the demurrer in said action be first decided by said referee, with the same effect as though decided by the court, and that thereupon pleadings be made in accordance with such decision, and that the parties then proceed to trial."   And on filing the stipulation, the court (Hon. David Noggle being the judge) "ordered that this action and all the issues therein be referred to Hon. David Noggle, as referee herein to hear, try and determine the same pursuant to said stipulation."   On the third day of August, 1865, when the trial before the referee came on, it was further stipulated that the fees of the referee be fixed at nine dollars per day; and these fees were paid and taxed as costs.   It requires but a very slight examination of the statute authorizing and regulating references of actions, to come to the conclusion that a referee or referees must be a person or persons other than the judge of the court to whom the report of the referee is to be made.   The statute clearly contemplates that the action of the court in confirming or setting aside the report should not be by the same mind as that which acted in making it.   As a *statutory* reference, therefore, the reference in this action is void.

In *Dinsmore v. Smith*, 17 Wis., 20, the court sustained a similar reference on the ground that it was equivalent to a stipulation that the cause might be tried before the judge at chambers.   But it is a well settled principle, that to give any effect to a trial by stipulation at chambers, the stipulation must con-

tain provision for *the rendition of judgment on the finding* of the judge in open court. In the case of *Beach v. Beckwith*, 13 Wis., 21, cited by the court to sustain their opinion in *Dinsmore v. Smith*, judgment was rendered pursuant to such agreement in the stipulation. But there was no such authority to enter judgment in the latter case; and the court seems to have overlooked that important requisite. A reference of an action not according to statute, and without a stipulation continuing the cause in court and for judgment on the report of the referee, is the same as a submission to arbitrators, and operates as a discontinuance of the action. *Camp v. Root*, 18 Johns., 22; *Green v. Patchin*, 13 Wend., 294, and authorities there cited. But if there is a stipulation for judgment on the report, that is considered equivalent to a plea of confession; and the judgment, when entered pursuant to the stipulation, may be valid. The judgment in such case, as well as in cases where the parties agree that the judge at chambers shall try the cause, and judgment be entered on his decision, rests upon the express agreement of the parties. *Yates v. Russell*, 17 Johns., 461; 18 Johns., 22; *Ex parte Wright*, 6 Cow., 399; *Dederick's adm'r v. Richley*, 19 Wend., 108.

Did the stipulation to refer authorize the court to enter the judgment on the report? It was therein agreed that if the referee's decision should be made after the March and before the July term of the court, judgment might be entered as of the March term. The report was not made *before* the July term. Such agreements are construed with great strictness, and the right to enter judgment cannot be taken by implication. 19 Wend., 108, and authorities there cited. And the reason is, that the court would have no right to modify the report or review the testimony, but only to enter judgment according to the terms of the agreement, which should be clear and express. The report not having been made before the July term of the court, the reference operates as a discontinuance of the cause.

Hills vs. Passage.

We know of no law authorizing a judge, even by consent of parties, to refer a cause to himself as referee, with a stipulation for and followed by an actual payment of fees to him under color of services as referee. We think such practice is against the policy of the law. If the services are to be regarded as rendered by him as a judge at chambers, as intimated in *Dinsmore v. Smith*, the constitution prohibits his receiving fees for such services.

*By the Court.*—The judgment of the circuit court is reversed, and cause remanded.

COLE, J., dissents, except as to the point that under the constitution of this state, the judge of a circuit court cannot lawfully receive fees for services rendered in the trial of a cause pending in said court.

On a motion by the respondent for a rehearing, *Barnes & Thomas*, for the motion, contended that no objection having been taken, at any stage of the action in the court below, nor in this court, by the appellant, to the order referring the cause to the judge of the circuit court for trial, the irregularity in making such reference, if there was one, was waived, and the judgment could not properly be reversed on account of it. 2· There is no evidence before this court that the Hon. David Noggle, to whom the cause was referred, is identical with the person of the same name who was judge of the circuit court, nor was that fact suggested by the counsel on either side. The *presumption* must be, that the circuit court acted according to law; and if the appointment of the judge as referee would have been illegal, it must be presumed, in the absence of any evidence or suggestion to the contrary, that the person appointed was not such judge. 3. If any rule of law or public policy is violated by the appointment of the judge as referee, *consent takes away the error. Yates v. Russell*, 17 Johns., 465. 4. It

has been the established practice in the first circuit for the judge to act as referee by stipulation of parties, and some of the cases tried by him as such have received the express sanction of this court. *Dinsmore v. Smith*, 17 Wis., 20 ; *Mabie v. Matteson*, id., 2. The same practice prevailed extensively in the state of New York under a similar statute, without question, until forbidden by statute in 1862. 2 Whitt. Pr. (3d. ed.), p. 231, sec. 273. Afterwards this statute was amended so as to allow the judge to act as referee by stipulation of the parties. 5. No objection was made by the appellant to the judgment on the ground that it was not entered until the September term. 6. If the reference amounted to a discontinuance of the action, *the judgment was void*, and defendant's remedy was not by appeal from the judgment, but by motion to set it aside. *Whalon v. Board of Supervisors &c.*, 6 How. Pr. R., 278 ; 19 Wend., 108.

DOWNER, J. Ought the motion for a rehearing to be granted ? If the order of reference was not authorized by the statute, the proceedings before the referee are equivalent to a common law arbitration. Section 22, ch. 132, R. S., provides that all or any of the issues of fact or of law, or both, may be referred upon the written consent of the parties ; and section 24 further provides that the parties may agree upon a suitable person or persons, not exceeding three, and the reference shall be ordered accordingly ; and if the parties do not agree, the court shall appoint one or more referees, not exceeding three, who shall be free from exception. The statute—not the stipulation of the parties—confers the authority upon the court. That authority can be exercised only upon the written consent of the parties. After the written consent to refer is given, if the parties do not agree upon a *suitable* person or persons, the court may, without such agreement, appoint one or more persons *free from exception*. Can the court, even with the consent

of parties, appoint the sole judge of the court a referee? Is he a *suitable* person? Is he *free from exception?* Was it ever supposed that the power of a court to appoint a clerk authorized it to appoint the sole judge of the court clerk thereof? Or that the power given by statute to a governor to appoint a judge, authorized him to appoint himself such judge? Or that the power given to the county court to appoint an administrator of an estate authorized him to appoint himself such admistrator, even by consent of all the parties interested? Was the thought ever seriously entertained by any sane man (except in this and·similar cases), that any public officer, clothed with the power of appointing any *suitable* person to any office, had the power to appoint himself to such office? That the appointer and appointee could be one and the same person? And yet we have been strongly urged, by a long and serious argument, to hold that the *sole* judge of a court could, under and by virtue of the statute, appoint himself, with the consent of the parties, *sole* referee; in other words, that the general power to appoint included the power to appoint himself. And letters have been produced in favor of such construction and practice from several eminent jurists of the state of New York, some of them judges of the court of appeals of that state. According to these letters, this practice formerly obtained under a statute similar to ours, in that state. But it is admitted that such practice has never been held legal by the court of appeals of New York, or even by its supreme court; and we do not see how such practice can bear close examination. It appears to us that, even by consent of parties in such case, the appointer and appointee cannot be one and the same person, unless the statute so clearly confers the power on the court to appoint the sole judge thereof a referee that there can be no other ‘reasonable construction. It was held in *The People v. Thomas,* 33 Barb., 287, that three justices of the peace, upon whom the legislature had devolved the power of making an

appointment to office, could not appoint one of their own number. The court say: "These three justices are the depositaries of a public trust, and it is a principle of universal application, as well as of public decency, that neither of them should be permitted to discharge it for his own benefit, or to promote his private interest."

2. Can the office of judge of a court of record, and that of a statutory referee appointed by the same court, be properly held and exercised by one and the same man? If a referee fails to report, either party has a right to rule him to report; or, if he fails to act after he has accepted the appointment, to obtain an order of the court that he proceed; or, if he suppresses a part of the testimony, or makes a defective report, to require him to amend the report. The statute provides that the court may require the referees to amend their report when necessary. All these orders, if not obeyed, may be enforced by the court by attaching and imprisoning the referee, or fining him; and for improper conduct, or even for failing to discharge the duties of his office, he may be removed by the court, and another referee appointed. A court cannot, of course, rule, fine, attach or imprison its own sole judge. And how long might a case be delayed before either party would ask the court who had appointed the judge thereof referee, to remove such referee and appoint another? In these remarks we make no reflection upon the late learned judge of the first circuit, who made the order in this case. His integrity we do not question. But there may be indolent, dilatory or even corrupt judges. And our remarks are to the effect, that it was clearly not the intention of the legislature, that the sole judge of a court, and a referee in a cause in the same court, should be one and the same person.

A case was recently referred in one of our circuit courts to a referee, with a stipulation that the referee's fees should be five dollars per day. He took the testimony, made his report ready

to file, but refused to deliver it until his fees were paid; and claimed that his fees amounted to a certain sum, being over $500. The parties claimed that he had charged for too many days; also that he had no lien on the report, but was bound to deliver to the court, which could then decide as to the amount of his fees. Here were two questions for the court to decide, in which the referee was as much interested as the parties, to wit: what was the amount of his fees; and whether he could be required to part with his report before they were paid. With what propriety could a judge, who was himself the referee, pass upon these and similar questions? We think that the two offices ought not to be held by the same man; and that the sole judge of a court is an *unsuitable* person for that court to appoint as a referee in a case pending therein.

These remarks apply exclusively to a statutory reference.

3. What bearing on the construction of the statute has the *fees* of the referee? If the judge can act at all as a statutory referee, then he has a right to the fees allowed by statute to a referee, or to such other fees as the parties may agree to pay him. He is forbidden to receive any fees for services as judge. His salary is a sufficient remuneration for such services. But the prohibition goes no further. If he can act as referee, the ciruit judge was right in taking the fees of a referee. This case affords a good illustration of the tendencies of such practice. It is not a case for a compulsory refenrence. Unless the parties *agreed to refer*, the court must have tried the case, and the judge must have performed substantially the same services in open court, without any compensation other than his salary, which he performed as referee, and received the additional compensation therefor of nine dollars per day. It is very evident that if such practice is tolerated, it would be for the interest of the judge to try cases *as referee*. Such a practice would add to his income. And by giving preference to referred cases, so that they would be more expeditiously disposed

of, parties, and especially plaintiffs, might be induced to use their influence in favor of references to the judge. The judge himself might, even without intending it, incline to the party or attorney who gave him the most references; "for a gift doth blind the eyes of the wise," and the fees are only a gift for doing as referee what he otherwise must have done as judge, or in open court, without the fees. By this practice, then, it appears to us an influence might be brought to bear, under color of law, upon a judge, which would be unfavorable to the impartial administration of justice.

For these reasons we held, and still hold, that the judge could not act as a statutory referee, and that the order of reference to him is void as a statutory reference.

*By the Court.*—The motion for a rehearing is overruled.