WALWORTH COUNTY BANK VS. FARMERS' LOAN AND TRUST COMPANY and others

*Reference to judge, with stipulation for judgment.*

1. A reference of a cause, by stipulation, to the judge of the court in which it is pending, operates as a discontinuance.

2. Where the stipulation was, that the cause be referred to the judge "as sole referee to hear and determine," and that on filing his report, judgment might be entered "with the same force and effect as upon the verdict of a jury:" *Held,* that judgment might be entered upon the referee's report as upon a plea of confession; and such report would not be subject to review by the court.

APPEAL from the Circuit Court for *Walworth* County.

The defendants appealed from a judgment in favor of the plaintiff.

*Fuller & Dyer,* for appellants.

*John W. Cary,* for respondent. [No brief on file.]

DIXON, C. J. This case is ruled by that of *Hills v. Passage,* decided at the last term. 21 Wis., 294. It was referred to the judge of the circuit court in which the action was pending, by stipulation, in these words: "It is hereby stipulated that this action be referred to Hon. Wm. P. Lyon, as sole referee, to hear and determine; and that, on filing his report, judgment may be entered with the same force and effect as upon the verdict of a jury." The judge of a court

being an improper person to act as referee, the reference to him operated as a discontinuance of the action, and the judgment entered on his report can only be sustained on the ground that it is expressly provided for in the stipulation. It is equivalent to a submission to arbitration at common law, with this difference only, that where there is a stipulation for judgment on the report, judgment may be so entered as upon a plea of confession. See authorities cited in *Hills v. Passage, supra.* It being a mere arbitration at common law, and not under the statute, it follows, then, that neither the court in which the judgment is entered, nor this court, has any power to revise the report of the referee. The court will not do so. *Dedericks Adm'r v. Richley,* 19 Wend., 111, and cases cited. The court will only examine so far as to see that the judgment is authorized by the stipulation, and entered in accordance with it. If it is not, it will be reversed; otherwise, affirmed. The words of the stipulation, "with the same force and effect as upon the verdict of a jury," were undoubtedly introduced to characterize the judgment. It was to have the same force and effect as if entered upon the verdict of a jury properly rendered. But if this were not so, and the intention was to give the court the same power and control over the report as over the verdict of a jury, still the stipulation would be useless for that purpose. The courts will not take jurisdiction to revise or set aside the award of an arbitrator, upon the mere agreement of the parties.

*By the Court.*—Judgment affirmed.

On a motion for a rehearing, the appellants' counsel filed an affidavit of Henry T. Fuller, Esq., with a certificate of the Hon. WM. P. LYON, the judge of the first circuit, attached. The affidavit states that the cause was commenced in 1859, and has been tried three times, and as often appealed to this

court; that defendants have earnestly and honestly defended for the purpose of establishing the rights of the parties; that affiant was present, acting as attorney for the defendants when the stipulation was made referring the cause to Judge Lyon; that John W. Cary, Esq., was present acting as attorney for the plaintiff; that when said stipulation was made, said Cary and affiant agreed that the case should be so referred, and that each party should have the same rights as in case of a trial in open court—that the judgment entered upon the report of Judge Lyon should have the same force and effect as if entered on a verdict—that each party should have the right to take exceptions and perfect an appeal in the same manner and with like effect as in case of a trial by jury. Affiant further states that neither party understood or expected that such stipulation would discontinue the action, but both supposed that the action continued pending in court, and that the court had control of it; that the stipulation was intended by said attorneys to provide for the right of appeal, and to have the case heard upon its merits in this court if an appeal should be taken; that the case was tried in vacation by Judge Lyon at the request of the parties and for their accommodation; and that no extra pay or compensation had ever been paid or promised to him for such services. The certificate of the judge is, in substance, that said affidavit states the facts concerning the reference of said cause as he understood them at the time the reference was made, and as he still understands them. The counsel thereupon contended that the rule established in *Hills v. Passage* should not be applied here, because thereby the rights of the parties would be concluded, contrary to the intention of both, by a technicality not suggested by either.

The motion for a rehearing was denied.