## ANDREWS vs. ELDERKIN and another.

TRIAL BY REFERENCE: *Reference by stipulation*— *What notice required*— *Judge of another circuit may be referee*— *Objections to place of trial, when to be taken.*— *Affidavit of continuance, what to contain.*

1. Where, under a stipulation that the cause might be referred to any one, or to two, of several named persons, whom the plaintiff might elect, he obtained an order of reference to one of them, no notice to defendants of the election or the order was necessary, other than notice of trial before such referee.
2. A cause may be referred, pursuant to a stipulation, to the judge of another circuit than that where it is pending.
3. Objections to the *place* of trial, on a reference, will not be considered unless taken before the referee.
4. An affidavit for a continuance to procure certain testimony must show that due diligence has been used to secure the attendance of witnesses at the trial, or their depositions.

APPEAL from the Circuit Court for *Jefferson* County.

Foreclosure of a mortgage. Trial by stipulation before Hon. W. P. Lyon, judge of the first circuit, as referee. From a judgment for plaintiff, on report of the referee, defendants appealed. The grounds of the appeal will appear from the opinion.

*Orton & Mulberger*, for appellants.

*Barnes & Thomas*, for respondent.

COLE, J. The objections taken to the judgment in this case are clearly untenable. By a written stipulation, the parties agreed to refer the cause to either one, or to two, of the persons therein named, as the plaintiff might prefer. Thereupon the cause was referred to Judge LYON, one of the persons named in the stipulation, by an order of court. Now it is said the defendants had no notice of any election made or order entered, until they were notified to appear before the referee for

trial. We do not think any notice of election was necessary, or contemplated by the stipulation.

Again, it is said that Judge LYON, to whom the cause was referred, was an improper person to act as referee, because he was judge of the first circuit, and resided out of the county of Jefferson and the ninth circuit, where the cause was pending. But it was entirely competent for the parties to stipulate that the cause be referred to him as a referee. It is not within the principle of the decision in *Hills v. Passage*, 21 Wis. 294.

Further it is said, that the referee should have adjourned the cause for the reasons stated in the affidavit of *Mr. Elderkin*. But we cannot see any abuse of discretion on the part of the referee in that regard. The affidavit fails to show diligence in the efforts made to procure the attendance of witnesses, or rather shows that proper diligence had not been employed. The action had been pending for several years, and it is but fair to assume that, with the exercise of reasonable diligence, the defendants could have procured the attendance of the witnesses before the referee, or could at least have taken their depositions.

An objection is made, that the cause was tried by the referee in the office of plaintiff's attorneys, and out of the neighborhood of the defendant's witnesses. It does not appear that any objection was taken before the referee to trying the cause in that place, or that it was an inconvenient and difficult point to reach. If the place chosen was out of the way, and inconvenient and difficult to be reached with witnesses, some objection should have been taken to it at the time. And as there was not, it may be presumed that no injury resulted to the defendants in consequence of the cause being tried where it was.

We think the record presents no errors, and that the judgment must be affirmed.

*By the Court.*—Judgment affirmed.