June Term, 1860.

BEACH VS. BECKWITH.

BEACH
v.
BECKWITH.

Where the parties to an action in a circuit court stipulate that it may be tried before the judge at chambers, and the finding be filed and judgment entered with the same effect as though the trial were had before the court without a jury, a judgment entered in pursuance of such stipulation must be regarded as though actually entered upon a trial before the court.

APPEAL from the Circuit Court for *Waupacca* County. Action to recover for work done.

The case is stated sufficiently in the opinion of the court.

*Wheeler & Kimball*, for appellant.

*W. C.* and *H. G. Webb*, for respondent.

*By the Court*, PAINE, J. This case was tried before the November 19. judge at chambers by a stipulation that it might be so tried, and the finding filed, judgment entered and exceptions taken in the same manner and with the same effect as though the trial had been before the court without a jury. The question is now raised in the appellant's brief, whether this practice can be sustained, though no motion has been made or exception taken which presents it directly to the court. Still, perhaps if the objection is good, it goes to the jurisdiction of this court, as involving the question whether there is really any judgment from which the appeal could be taken. And if we should be of the opinion that there was not, it might be our duty to dismiss the appeal. But we are satisfied that the objection is not valid, but that a judgment entered in pursuance of such a stipulation, by parties to a suit actually pending in court, is to be regarded as though it had been actually entered on a trial before the court. The objection coming from one of the parties to such a stipulation, is certainly entitled to no favor. And nothing less than the absolute invalidity of the proceeding should furnish it any sanction. But there seems to be no valid reason why such a practice should not be pursued. It is not an attempt to confer jurisdiction by consent, upon a tribunal that has it not, but is simply the regulation of the mode of trial, by the parties, for their own convenience, and of the manner of enter-

June Term,
1860.

ing the judgment in a court which has jurisdiction both of the parties and the subject matter. See *Walker ads. Rogan*, 1 Wis., 623, *et seq.*, as to the effect of such a stipulation.

The only remaining questions are merely of fact, depending on the weight of the evidence. We do not deem it necessary to comment on it in detail, and shall do no more than to say that, in our opinion, the weight of evidence is decidedly in favor of the finding of the judge below.

The judgment is affirmed, with costs.