## McSHANE v. GRAY *et al.*

**1.** REFEREE: ACQUIESCENCE. The report of a referee should not be set aside on the ground that the reference was to but one person when it should have been to three, if it appears that no objection to such reference was made at the time, and that the party complaining appeared before the referee and submitted the cause on his part.

**2.** REFEREE'S REPORT. It is competent for the court to require a referee to state the facts found as the predicate for the final judgment; but in the absence of such requirement a general finding will be sufficient.

*Appeal from Blackhawk District Court.*

THURSDAY, JUNE 26.

ON the 25th of April, 1860, this cause, without objection from either party, as far as disclosed by the record, was referred to a single referee, to report " upon the account between the parties." It seems that plaintiff filed a paper, after this, objecting to any action by the referee. Whether this was filed with that officer, or with whom, does not appear. The report states that the parties were all present, that the cause was called, witnesses were examined, &c. To this proceeding thus far, defendants interposed no objection.

The referee found in favor of plaintiff, and, in the District Court, defendants moved to set aside the report, because: 1st. The reference was made to one person, without their consent. 2. They were not permitted to select, or consulted in his appointment. 3. The facts were not reported. 4. The finding was contrary to law. 5. The referee erred in rejecting the defendants' set-off. This motion was overruled, and from the judgment on the finding, defendants appeal.

*Bagg & Allen* for the appellant.

*Brainard & McClure* for the appellee.

WRIGHT, J. — It was competent, by consent of parties, to refer the action to one referee, instead of three. (Code, § 1594.) And when such reference has been made, and the party afterwards raising the objection, failed to signify ·the same at the time, but, on the contrary, appeared before the referee, and submitted his cause, his mere suggestion, by motion, that the submission was irregular and unauthorized, should not be received with favor, nor entertained.

It was competent for the court to require the referee to state the facts found, as the predicate for the final judgment. This was substantially done in this case. But if not, as there was no requirement to this effect, the report would still be valid. The referee may, in the absence of instructions, state a general finding of so much for one party or the other, and upon this the court can render judgment.

In what respect the finding of the referee was contrary to law, or why defendant's set-off was improperly rejected, is not suggested, and the judgment must stand

Affirmed.