DINSMORE vs. SMITH, impleaded with others.

The judge of a court cannot, without the consent of the parties, appoint himself referee in an action pending before him.

But if the parties stipulate that the judge may act as referee, it is equivalent to a stipulation that he may try the cause at chambers, and is valid.

This court will not review the finding of a referee, upon exceptions filed after judg-ment, where the report was confirmed and judgment taken without objection; and the application of this rule will not be affected by the fact that the judge of the court acted as referee.

The judgment in such a case was not void because it appeared that the parties had stipulated to pay for the services of the judge as referee.

No motion having been made in the court below to correct the taxation of costs by striking out the amount of the fees allowed the judge as referee, this court can-not pass upon the question whether they were legally allowed.

An order of reference for trial appearing of record (whether the reference be to the judge or some other person), must be presumed to have been made by written consent of parties, unless the contrary appears.

Whether in case of such a reference *without* the written consent of the parties, their appearing and submitting the cause to the referee without objection would be a waiver of any objection on that ground, is not here decided.

An order of reference recited that a motion for a continuance was made upon affidá-vit, and that after hearing counsel the judge ordered the cause referred to himself. *Held*, that this should not be construed as implying that the order of reference was based upon the motion for a continuance, but it would still be presumed that the parties, while that motion was pending, substituted a refer-ence by consent; especially as the record shows a subsequent stipulation by them concerning the fees of the referee, and no objection was taken at any time to the reference. DIXON, C. J., *dissenting*.

APPEAL from the Circuit Court for *Racine* County.

This appeal is from an order for judgment, and from the judgment; in favor of the defendants, entered October 24,

1861, and based upon a report of the judge of said court, as referee in the cause, filed on the same day. The order recites that due service of the notice of motion for judgment upon said report was admitted by the defendants' attorneys. It does not appear from the record that the defendants appeared upon the hearing of the motion. Exceptions to the referee's report, to the confirmation thereof, to the order for judgment, and to the judgment, were filed by the defendants on the 27th of December, 1861. The other facts necessary to be stated for a proper understanding of the points decided by the court, will appear from the opinion.

*Mat. H. Carpenter*, and *Strong & Fuller*, for appellants, contended, among other things, that the order of reference was void ; that under our statute (R. S., ch. 132, sec. 22), a reference for the trial of any issue can be made only by consent ; and that a compulsory reference can be made only for the purpose of taking testimony. R. S., ch. 134, sec. 97. 2. The defendants had ten days after written notice of the filing of the report, within which to file their exceptions ; and those exceptions, when filed in due time, were to be heard and determined by the court on the motion to confirm the report. Laws of 1860, ch. 264, sec. 14. No notice of the filing of the report has ever been given, and the record shows that no legal notice could have been given, the report having been filed and confirmed, and judgment entered upon it, on the same day. Although the record states that notice of motion for judgment was served upon the defendants' attorneys, and therefore the report was confirmed and judgment entered, yet such a notice was of no avail, so long as the referee's report had not been filed, and the defendants' attorneys did rightly in not paying any attention to it. The judgment is no better for this notice. There was no hearing upon this motion, except an *ex parte* one. It does not appear that the defendants' attorneys were present. They did not waive any of their rights by appearing in open court and arguing the motion. The judgment is no more

valid than it would have been if the plaintiff's attorney, without any such notice, had come in to court with his report and blank judgment, and in the absence of the defendants' attorneys, and without their knowledge, had the report confirmed and judgment signed.

*Geo. B. Judd*, for respondent, contended that the referee's finding of facts could not be reviewed by this court, his report having been confirmed without objection, after due notice to the appellant for that purpose.

*By the Court*, PAINE, J. This suit was referred by the order of the circuit court, to be tried by the judge of that court, as a referee. A trial was had before him, and he filed his report and finding in favor of the plaintiff, and, no exceptions being taken, the report was afterwards confirmed by the court, and judgment entered accordingly. After judgment, the defendant filed exceptions to the report of the referee, and then appealed to this court. If this practice is correct, those exceptions will be reviewed here for the first time. This cannot be done. This court does not review the action of referees, but the action of the court, and the question of practice must be determined just as it would if the referee had been some person other than the judge. In that case, if the party against whom the referee decided took no exceptions, made no motion to the court to review, modify or set aside the report, but allowed it to be confirmed and judgment entered without objection, it could hardly be claimed that he could afterwards except to the report, and, by appealing to this court, have those exceptions passed on here. It may be said that it would be an idle ceremony to ask the circuit judge to review his own report as referee. But however that may be, it is a ceremony that must be gone through with, if it is desired that this court should review it. For we review only the action of the court, and it is no error for the court to enter judgment according to

the report of the referee, if no objection is taken, provided the finding of the referee on its face warrants the judgment.

But it is claimed that the order of reference is void. If this can be assumed on the face of the record we should probably be bound to reverse the judgment, as it rests upon the finding of the referee, and if that is void it would be like a judgment upon a void verdict.

If the order is void, it must be either because it is impossible for the circuit judge to act as referee under any circumstances, or, if that is not so, then because he was not properly appointed here. We have come to the conclusion that we cannot say that it is legally impossible for a circuit judge to act as referee. It has always been a common practice for parties to stipulate that cases pending might be tried before the judge at chambers, with like effect as though tried in court. There seems to be no reasonable objection to such a practice, and it has been recognized as valid by this court. *Beach vs. Beckwith*, 13 Wis., 21. The statute allows all issues to be referred on the written consent of the parties, and they may agree upon "a suitable person" to act as referee. R. S., ch. 132, secs. 22, 24. Now if the parties choose to stipulate that the judge may act as referee, it is in substance the same as stipulating that he may try the case at chambers. And although there can be no doubt that the statute contemplates that some other person shall be chosen, and though the judge could never appoint himself where the parties did not agree, yet if they choose expressly to stipulate that he may so act, we do not feel authorized to say that it is legally so impossible, that we can pronounce the judgment void by reason of it.

These remarks have been made upon the assumption that the judge would take no fees for services as referee. It appears that in this case the parties stipulated that he should have nine dollars per day, and that he received fees for several days' services at that rate. I have had very great doubt as to what should say upon the subject, and as to the effect it should have

upon the validity of this judgment. But I have finally come to the conclusion that whatever opinion I may have upon the propriety of such a practice, it is not a matter which this court can take cognizance of unless some proper motion should be made to strike out that amount from the taxed costs. It seems to me it is just the same as it would be if it appeared from the record that the parties had stipulated to pay the judge certain fees for trying a case in court. Such a practice would of course be a clear violation of his duty. But it would really have no bearing one way or the other upon the merits of the judgment, except so far as the sum paid was included in the costs. And we have repeatedly decided that we would not interfere with the taxation of costs unless a motion was first made to the court to correct it. Could we then, in such a case, where no such motion was made, and though satisfied that the judgment was correct in every other particular, reverse it merely to show our disapprobation of the practice? I think not. All we could do would be to strike out the illegal costs when the question was properly presented, and to decide whether there was any other error in the judgment. Beyond that we could take no cognizance of anything the judge might have done, whether properly or improperly. And the same is true as the case now stands. If it was improper for the judge to take fees as referee, in view of the constitutional provision forbidding judges to take any fees for services, beyond their salary, it was an impropriety that has no bearing on the merits of the judgment, except so far as those fees may have been taxed as costs. If a proper objection had been made, we should be obliged to determine whether such costs were legal, but beyond that I do not see that we can take cognizance of it.

The question then remains, whether we can hold the reference void because the record fails to show the written consent of the parties that the case should be referred to the judge? Assuming that the record is entirely silent on the question

whether there was such consent, I still think we cannot reverse the judgment for that reason. And here again the question must be determined as it would be if the referee had been another person. The record shows an order of reference. If it had been to another person, and the parties had appeared and gone to trial before the referee without objection, allowed judgment to be entered on motion on his report, and then appealed from the judgment on other grounds, without once claiming that the case had not been properly referred, could we reverse the judgment merely because the record failed to show a written consent to the reference? I think not. Such a position could only be sustained upon the theory that such written consent was an essential part of the record, like a verdict or complaint, without which the judgment could not stand. But it cannot be so regarded. It is a mere paper on which the judge is authorized to make a certain order in a pending case, of which he has already acquired jurisdiction. The statute does not require the written consent to be filed, nor that it be put into the judgment roll. Where the record, therefore, shows an order of reference, it must, upon the familiar rule that the action of superior courts is presumed to be regular until the contrary is shown, be presumed to have been based upon the necessary consent. The Chief Justice holds that this presumption cannot be indulged in here, for the reason that the order of reference itself shows that it was based not on a written consent, but on a motion for continuance. It is true that the order does recite that a motion for continuance was made upon affidavit, and that after hearing counsel, the judge ordered that the cause be referred to himself. And I admit that if this can be fairly construed as implying that the order of reference was based upon a motion for continuance, there would perhaps be no ground for presumption that it was based upon anything else. For I do not believe that presumptions can be indulged in against the record, or that where the record states that an order or proceeding was based

upon one thing, it can be presumed to have been based upon another. But I cannot so construe this order. It would be too incongruous a proceeding, to warrant the belief that the judge intended to say by this recital, that he grounded the order of reference on the motion to continue. I can only suppose that such a motion was made, and that while it was being considered, the parties, by the proper consent, substituted a reference for the relief asked upon the motion, and thus the order was drawn as it is. But although the record contains no written consent to the reference, there is a writing which shows that the parties did consent. It is the stipulation before referred to, providing that the judge should be entitled to nine dollars per day for his services in trying the case as referee. This, though not made at the time of the making of the order, shows that the parties did consent, and sustains the presumption that such consent was properly manifested, as does the entire absence of any objection that the reference was not properly made.

Mere appearance before the referee and submitting the case without objection has been held to waive the necessity of a written consent, though the party afterwards objected. *McShane vs. Gray et al.*, 13 Iowa, 504. But whether that should be so or not, there seems to be no doubt that the necessary consent must be presumed upon the facts which appear in this record.

The judgment must be affirmed.

DIXON, C. J., dissented.