## ISAAC WOODS *v.* HENRY PAGE.

### *Arbitration. Costs.*

In an arbitration of "all matters of difference between the parties," including a suit previously brought, if the arbitrators find that the balance due, both at the time of the suit and of the arbitration, was against the plaintiff, they need not specify what the balance was when the suit was brought as affecting the question of costs.

If the parties to an arbitration, upon the trial before the arbitrators, submit by *mutual consent* matters not included in the written submission, and thereupon the arbitrators try the matters so verbally submitted and make their award, neither party can object that the award exceeded the submission.

DEBT upon a lease under seal, and common counts in debt added. Plea, *nil debit,* and also a special plea setting up a submission to arbitrators and an award thereupon. The plaintiff joined issue upon the first plea, and replied to the second plea, that the arbitrators in making their award did not follow the submission. The defendant rejoined that the award was made according to the submission. Trial by the court, June Term, 1864, POLAND, Ch. J., presiding. It was agreed by the parties that the trial should be confined wholly to the defence set up under the defendant's special plea.

An arbitration bond was given in evidence, reciting an agreement to submit the suit and all matters in difference, to certain persons named. And it further appeared that the plaintiff commenced this suit by attaching the defendant's interest in the growth and increase of certain joint stock put on the farm by the plaintiff, and also the defendant's half of a quantity of hay, potatoes and straw, which he had raised on the farm leased to him by the plaintiff.

After the agreement to submit to arbitration, by mutual agreement between the parties the hay, straw and potatoes on the place were sold to one Moulton, and he was to pay such price for them as should be determined by the arbitrators. Before the hearing of the arbitrators, the plaintiff sold the old stock on the place and took the avails of the sale to himself.

Before the arbitration the plaintiff and defendant agreed to divide the young stock on the place, the plaintiff taking three head, and the defendant the same number. The three taken by the defendant at the appraisal amounted to $6.50 more than the three taken by the

Woods *v.* Page.

plaintiff, and the defendant paid to the plaintiff $3.25, one-half the difference.

At the hearing before the arbitrators both parties presented their respective accounts and claims against the other for adjustment, and the plaintiff presented a list of credits he had made to the defendant. In this list of credits the plaintiff had credited the defendant for the hay, straw and potatoes sold to Moulton, for the defendant's share of the growth or increase on the old stock, and for the defendant's share of the young stock, for which he had procured the note of a responsible man to be given to the officer.

The court found that these credits by the plaintiff to the defendant were presented by the plaintiff in such form, that the arbitrators supposed, and had a right to suppose, that they were to be adjusted by them as a part of the accounts between the parties. But in the closing argument before the arbitrators, the plaintiff's counsel claimed that the arbitrators should find and state the accounts of the parties, at the commencement of the suit, as the costs of the proceedings would depend upon how the balance stood at that time.

The arbitrators testified that they ascertained that the balance was in favor of the defendant at the time of the commencement of the suit, and therefore supposed it unimportant to award how the accounts stood at that time, and made their award generally, allowing to the defendant said items of hay, straw and potatoes, growth of old stock, and half of appraisal of young stock, as brought in by the plaintiff.

Upon these facts the court held that said award was valid, and rendered judgment for the defendant,—to which the plaintiff excepted.

—— *Burbank*, for the plaintiff, maintained that the arbitrators exceeded their authority in arbitrating upon matters that had been settled by the parties, and cited *Culver* v. *Ashley*, 17 Pick. 98 ; Caldwell on Arbitration, 232, 246 ; and erred in not specifying the balance due at the time the suit was commenced as requested : 10 Vt. 512 ; 4 Pick. 178 and 192, note ; 27 Vt. 304.

*J. Ross* and *A. J. Willard*, for the defendant.

An award is of the same nature and binding force as a judgment, and equally conclusive upon the parties both as to the law and facts

passed upon, the only difference being that the parties here have voluntarily constituted the forum in which to try the case, instead of resorting to the forum provided by law ; and all reasonable presumption is to be made in favor of the award. *Emerson* v. *Udall,* 8 Vt. 357 ; 13 Vt. 477 ; *Sheperd* v. *Briggs,* 28 Vt. 81 ; *Cutting* v. *Stone,* 23 Vt. 571 ; *Cutting* v. *Carter,* 29 Vt. 72 ; *Ennos* v. *Pratt,* 26 Vt. 631 ; *Briggs* v. *Brewster,* 23 Vt. 100 ; *Vanderwerker* v. *Vt. Cen. R. R. Co.,* 27 Vt. 130 ; *Kendrick* v. *Tarbell,* 26 Vt. 416.

The plaintiff himself having given the credits before the arbitrators, is forever estopped from denying the justness of the credits, or the right and power of the arbitrators to consider and adjust them. *Hicks et al.* v. *Cram et al.,* 17 Vt. 449 ; *Page* v. *Foster,* 7 N. H. 392 ; *White* v. *Langdon,* 30 Vt. 599 ; *Strong* v. *Ellsworth,* 26 Vt. 366 ; *Preston* v. *Mann,* 25 Conn. 118 ; *Taylor* v. *Ely,* 25 Conn. 250.

The arbitrators having found the balance against the plaintiff at the commencement of the suit, judged correctly that there was no need of finding the balance as requested by the plaintiff's counsel, and merged it all in a general balance. An award may be good in part and bad in part. *Rixford et al.* v. *Nye et al.,* 20 Vt. 132 ; 2 Parsons on Con., p. 210.

ALDIS, J. Under the plea as traversed the only question was, did the arbitrators award upon matters not submitted to them.

I. The submission was agreed upon after the suit had been brought, and it included not only the suit, but " all matters of difference between the parties." Hence the arbitrators were not bound by the balance between the parties as it stood when the suit was brought. They had a right to regard it as the accounts appeared at the date of the submission. The balance due when the suit was brought might affect the award as to the costs of the suit, if that balance had been in favor of the plaintiff. But the balance was found against the plaintiff, both at the time the suit was brought and at the time of trial—hence the costs of both suit and award would be against him ; and in that view the arbitrators very properly deemed it unimportant to specify the balance due when the suit was brought.

II. The items which the parties settled between themselves after they entered into the agreement to arbitrate, and before the trial,

Carpenter v. Estate of Snell.

were not, perhaps, strictly matters of difference between them. But it was the plaintiff who brought them into the accounting before the arbitrators ; and he presented them as credits due to the defendant. The defendant made no objection. The arbitrators supposed, and had a right to suppose, they were a part of the accounts which were to be adjusted by them.

If the parties to a submission in writing do, upon the trial before the arbitrators, submit *by mutual consent* to the arbitrators matters not included in the written submission, and the arbitrators acting under such mutual consent of the parties, do try the matters so verbally submitted and make their award,—neither party after publication of the award can object that the award exceeded the submission.

It is urged that here the plaintiff's counsel in his closing argument claimed that the arbitrators should find and state the accounts of the parties at the commencement of the suit, as the costs would depend upon how the balance stood at that time. This was not withdrawing the credits he had presented, or objecting to their being tried by the arbitrators. It was merely insisting that that aspect of the case should be regarded which might in one event give the plaintiff his costs. If the plaintiff, after presenting these items for adjustment, wished to withdraw them from the consideration of the arbitrators, he should have done so in a direct and unequivocal manner ; so that the arbitrators would have as distinctly understood that the consent was withdrawn, as that it had been given.

Judgment affirmed.