EUGENE G. SWEENEY, Plaintiff in Error, *v*. JULES VAUDRY *et al.*, Defendants in Error.

June 6, 1876.

1. A submission to a majority of five arbitrators will support an award by four, where only four heard the case, when both parties were present at the hearings, and no objection was made until after the award. Such an award can be enforced by motion under our statute.

2. Where the parties had rested their case, and the arbitrators, on notice to both sides, reopened the matter for further testimony, this will not invalidate the award.

3. Where the arbitrators were under the submission to comply with the by-laws of a certain association, and violated these by-laws in not entering in a proper book a summary of the controversy and the grounds of their award, *held*, that such neglect did not invalidate the proceedings.

ERROR to St. Louis Circuit Court.

*Reversed, and judgment rendered.*

*Marshall & Barclay*, for plaintiff in error, cited: Wag. Stat. 143, secs. 1, 6; Bridgman v. Bridgman, 23 Mo. 272; Tucker v. Allen, 47 Mo. 488; Howard v. Saxton, 1 Denio, 440; Graham v. Graham, 9 Pa. St. 254; French v. New, 20 Barb. 481; Woods v. Page, 37 Vt. 252; White v. Robinson, 60 Ill. 499; McShaw v. Gray, 13 Iowa, 504; Akridge v. Patillo, 44 Ga. 585; Blanchard v. Murray, 15 Vt. 548; Bemus v. Clark, 29 Pa. St. 251; Norton v. Savage, 10 Mo. 455; Knowlton v. Homer, 30 Mo. 552; Shisler v. Keavy, 75 Pa. St. 79; Cutler v. Whittemore, 10 Mass. 442; Taylor v. Zepp, 14 Mo. 482; Rutherford v. Tracey, 48 Mo. 325; Morse on Arbitration, 117; Broom's Leg. Max. 129; Woodrow v. O'Conner, 28 Vt. 776; Hill v. Taylor, 15 Wis. 190; Bruner v. Marcum, 50 Mo. 405; Tower v. Moore, 52 Mo. 118; Mitchell v. Curran, *ante;* Shores v. Bowen, 44 Mo. 396; Bowen v. Sazalare, 44 Mo. 383; Drummond v. Drummond, L. R. 2 Eq. 355; Drummond v. Drummond, L. R. 2 Ch. 32; Collins v. Lewis, L. R. 8 Eq. 708; Dugdale v. Dugdale, L. R. 14 Eq. 234; Peck v. Gurney, 22 W. R. 33; 1 Kent's Com. 463; Byars v. Thompson, 12 Leigh, 550; Pearce v. Danforth, 13 Mo. 360; Hood v. Mathias, 21 Mo. 308; Johnson v. Mason, 27 Mo. 511; O'Flaherty v. Kellogg, 59 Mo. 485; Howard v. Cooper, 1 Hill, 44; Sutton v. Tyrrell, 10 Vt. 91; Brown v. Leavitt, 26 Me. 251; Mullins v. Arnold, 4 Sneed, 262; Dickerson v. Roke, 30 Pa. St. 390; Stewart v. Waldron, 41 Mo. 486; Rixford v. Nye, 20 Vt. 132; M. & D. R. R. Co. v. Porter, 19 Md. 458.

*Blakeman & Thayer*, for defendants in error, cited: Wag. Stat. 143, sec. 5; Shores v. Bowen, 44 Mo. 396; 44 Mo.

383 ; Toler *v.* Hayden, 18 Mo. 399 ; Walt *v.* Huse, 38 Mo. 210 ; Fassett *v.* Fassett, 41 Mo. 516 ; Fields *v.* Oliver, 43 Mo. 144 ; Howard *v.* Saxton, 1 Denio, 440 ; Howard *v.* Saxton, 4 Comst. 157 ; Wells' Arbr., 1 N. Y. Leg. Obs. 189 ; Bulson *v.* Sohnes, 29 N. Y. 291.

BAKEWELL, J., delivered the opinion of the court.

This is a motion for a judgment upon an award of arbitrators. Plaintiff in error and defendants in error filed with the record the following agreed statement of the case :

On June 5, 1874, plaintiff and defendants, in order to settle a business controversy (and being both members of an association called the " Cotton Association of the City of St. Louis "), executed an agreement of submission to arbitrators, the material parts of which are as follows :

The parties agreed " to submit said difference and controversy to the arbitrament and decision of J. L. Sloss, N. Corrona, F. B. Davidson, H. S. McLaren, and Fred. Von Phul,     *     *     *     or a quorum of them, with the right of appeal, on the part of either the above-named parties, to the committee of appeals, according to the rules and regulations of said Cotton Association," etc.

By the submission they agreed further that they would " abide by all the rules and regulations of said Cotton Association, in relation to arbitration, and that the award, when made in pursuance of the submission, might be entered on the records of the Circuit Court of St. Louis county, and a judgment be had thereon     *     *     *     in pursuance of the provision of the statute law of the State in cases of arbitration under said statute."

On June 13th four of said five arbitrators (named in the submission) met together, and the respective parties to the submission were all present at said meeting. Whereupon said four arbitrators were duly sworn, according to law, and proceeded to hear the proofs and allegations of both the respective parties, without any objections by either party to such action. The plaintiff and defendants herein appeared

before said arbitrators on said June 13, 1874, and on several subsequent days, to which adjournments of said hearing were regularly made, and then and there said parties, plaintiff and defendants, presented testimony on their respective behalfs. On June 17th both parties announced that they had closed their proofs, and thereupon orally argued their case before said four arbitrators. Afterwards the plaintiff proposed to offer certain additional testimony; whereupon the said four arbitrators took the matter under advisement, and, shortly afterwards, decided to permit the introduction of additional testimony.

Said arbitrators thereupon notified plaintiff and defendants of such decision, and requested their further attendance at a time and place named by said arbitrators; whereupon defendants withdrew from further attendance upon said arbitration, and declined to proceed further therein, and immediately notified said arbitrators of their said withdrawal therefrom, and did not in fact further attend upon said arbitration.

The said four arbitrators, at the time and place appointed by them (as above stated), heard the additional testimony offered by plaintiff, and, on June 26, 1874, published the award, which is the foundation of this action, in which they find for plaintiff in the sum of $2,328.01 and costs ($53).

One of the arbitrators named in the submission did not attend any of said meetings of arbitrators, and was not sworn therein, and did not hear any of the proofs or allegations of the parties, or take part in the decision of the cause. The arbitrator not attending was absent in Europe, which fact was known to all parties.

The award is signed by said four arbitrators, and attested by the seal of said Cotton Association, and by Myron Colony, its secretary.

The parties, plaintiff and defendants, were, at all these times, members of the said Cotton Association; and one of

the by-laws of that association, in force during all these occurrences, was this :

" Sec. 2. The adjudication committee shall consist of five members of the association, some of whom shall be members of the board of directors.    Three of said committee shall be factors and two buyers.    It shall be the duty of this committee to hear and decide upon any controversy which may arise between members of this association, and which may voluntarily be submitted to the committee for arbitration.    Each member, by an instrument in writing, may agree to submit to the decision of this committee any controversy, and that said instrument may be entered on the records of the Circuit Court of St. Louis county, and that a judgment of the Circuit Court of St. Louis county shall be rendered upon the award made pursuant to such submission, in accordance with the statutes of Missouri.    The committee shall appoint a clerk, not of their own number. All persons who may desire the services of this committee shall file with the clerk an agreement, in writing, to submit their cases to the committee, and abide by its decision ; and any member may cite another to submit a cause in controversy to the committee, and such other member shall thereupon submit the same as cited.    The clerk shall be entitled to a fee of five dollars for each sitting of the committee, said sum to be paid by the party against whom the decision may be made.    The proceedings of said committee shall be recorded in a book, to be kept for the purpose, in which shall be entered a summary of each controversy had before it, the award made thereon, and the grounds for such award ; said book shall be the property of the Association, and subject to the inspection of the members."

The arbitrators failed to enter, in any book kept for that purpose, a summary of said controversy, or the award made on the grounds thereof.

The aforesaid facts were submitted to the Circuit Court

in the form of an agreed case, and that court overruled the motion to confirm the award. This judgment was affirmed in the general term, and the plaintiff sued out the writ of error, which brings the case here.

The questions presented for our determination by this statement, which correctly embodies the facts presented in the record, are these:

It is maintained by defendant in error:

1. That a submission to a majority of five arbitrators will not support an award by four, when only four had heard the case.

2. That, even if such an award be good as a common-law award, it cannot be enforced by motion, under our statute.

3. That, even if such an award be good, and enforceable by motion, it was invalidated in this case by the irregularity of hearing testimony after the parties had rested.

4. That the award, in any case, was bad for want of compliance, in essential particulars, with the by-laws above set forth.

1. It is held, both in this country and in England, that, in the absence of any statutory provision to the contrary, in case of a submission to three arbitrators, requiring the award to be signed by any two of them, a hearing and award by two of the arbitrators is good. *Bulson* v. *Lohnes*, 29 N. Y. 291; *Dalling* v. *Matchett*, Willis, 215. The theory is that, by such a clause in the submission, the entire authority is disjoined, so that a majority is empowered to hear as well as to determine.

But—inasmuch as our statute provides that all the arbitrators must meet together and hear all the allegations and proofs—it is held that, in Missouri, all the arbitrators must hear the proofs and act, even where the majority may make the award.

By all the arbitrators is meant, of course, all the arbitrators chosen by the parties, and this need not be all the arbitrators named in the submission. If there is any

ambiguity about the contract of submission, the parties themselves, by their acts, may fix its meaning.

In the cases of *Bowen* v. *Lazalere* and *Shores* v. *Bowen*, both reported in 44 Mo. 383 and 396, the same award was before the court in each case ; the terms of the submission fully appear in the last named case as having been to " W. B. J., W. L. G., and J. L. D., *or any two of them*." The award was by two, and it was held bad. Judge Bliss delivers the opinion of the court in both cases, and says that " the absolute requirement of the statute, that all the arbitrators must meet together and hear all the proofs and allegations of the parties, renders a less number absolutely incompetent to sit." Bowen, one of the parties to the arbitration, did not attend any of the meetings. At the first meeting, all the arbitrators were present, but no evidence was then submitted. The learned judge says :

" The case was heard by two and decided by two. Unless there is some peculiarity in this submission, differing in this respect from others, and choosing in fact but two arbitrators instead of three, this absence from the hearing of the case is fatal to the award. Our statute expressly provides that all the arbitrators must meet together and hear all the proofs and allegations of the parties, but that the award shall be valid if made by a majority only, unless the submission requires the concurrence of the whole.

" Only two of the arbitrators having heard the proofs and allegations, it is no arbitration, and the award cannot bind defendant. The plaintiffs must claim that the submission is peculiar in this : that it chooses two or three arbitrators, as the two or three may happen to meet—that it is uncertain as to numbers ; but it expressly names the three, and the statute requires that all should meet."

It is, therefore, the law in Missouri that all the arbitrators must meet, all must hear the testimony, and a majority must agree to the award.

In the case before the court, in *Shores* v. *Bowen*, this was not done.

If both parties had been present at the hearings; if at each hearing the same two arbitrators had acted; if the award had been signed by two—there can be no question, we think, that those two would have been the two arbitrators named in the submission, and the award would have been good.

But the court held that a submission to three named arbitrators, or any two of them, in the absence of any further act of the parties designating which particular two, did not constitute any two who might happen to act as the arbitrators chosen by the parties, and that, therefore, all three must act, or none.

But in the case before us, as appears by the record and agreed case, the submission was to five named persons, or a quorum of them; these persons, at the date of the submission, constituted the adjudication committee of the Cotton Association, and the cause was submitted to them as such committee.

It was well known to both parties to the submission that one of these gentlemen was not in America. Eight days after the submission the remaining four arbitrators met; the parties were present, the four arbitrators were then and there sworn, and proceeded to take testimony, and both parties attended before the same four arbitrators from day to day, and on every day of the hearing, until they announced their proofs closed, when the case was orally argued before all four arbitrators. To say, under these circumstances, that these four particular named men were not the particular arbitrators selected by the parties, and that, because a fifth was named in the submission—although the submission was to five or a quorum of five—all the arbitrators named did not hear the cause, and that the statute was not complied with, is technicality run mad. Whilst solemn words and grave acts have any meaning

whatever, this cannot be done. There was a time when respondents might have insisted on the presence of all the five arbitrators; they might have refused to designate the men who should constitute the quorum, but they chose these particular four according to the express terms of the submission, and they will not be allowed to take the chances of victory, and, when the decision is against them, to say that these gentlemen were not their own judges chosen by themselves to try the cause.

The fact is not so. Had the terms of the written submission been explicitly to five, no more and no less, the written submission would have been modified by this consent.

Where a reference was to one, that should have been made by the court to three, but the party complaining appeared before the referee and submitted his cause, the court would entertain no suggestion of irregularity, though the party complaining had had no voice in the appointment. *McShane* v. *Gray*, 13 Iowa, 504.

A submission to two, who might choose one or more if they could not agree. They chose three others. The five met, and the cause was heard in the presence of the parties. The court held they were as much bound as if all the arbitrators had been named in the written submission. 10 Maine, 455.

*Woods* v. *Page*, 37 Vt. 252, was a case of submission in writing. On the meeting of arbitrators, by mutual verbal consent, matters were submitted not included in the original submission. After the publication of the award, the losing party objected that the award exceeded the submission. It was held that he should not be heard to make such an objection.

In *Akridge* v. *Patillo*, 44 Ga. 585, a controversy was submitted to arbitration under the code, and the arbitrators and parties had several meetings, at which only two arbitrators were present. No objection was made by either party. On motion to make the award a judgment of the

court, it was held too late to object to such motion on the ground of absence of the third arbitrator.

The Supreme Court says: " It comes too late after the party has taken all chances of an award in his favor, and makes no objection until the award is found to be against him, he having consented to go on before the two arbitrators at the first meeting."

In *Bemus* v. *Clark*, 29 Penn. 253, the award appeared not to be by the arbitrators originally appointed, there having been two other persons substituted.

The court refused to set aside the judgment, saying: " We presume everything to have been regularly done in a matter of report of arbitrators. We do not scan the report as we do the record of proceedings in court; and, even if it appears irregular, we presume the consent of parties, if they were present."

The doctrine is uniform and consistent, from the earlier days of Lord Mansfield, that awards must be liberally construed, and that, in the matter of arbitrations, all critical nicety must be laid aside. This rule would not warrant disregard of a statutory provision.

But the question here is, who were the arbitrators? They were manifestly those whom the parties here chose.

It is evident that they chose the four particular men who in this case heard the evidence and made the award. And, were the fact otherwise, there is a complete estoppel *in pais* on both parties to deny that these four men were the arbitrators of their choice.

We think, therefore, that this award was not only good at common law, but one that must be enforced under our statutes.

2. It is, however, urged that this award, if otherwise good, was invalidated by the irregularity of hearing testimony after the parties had rested.

When the application was made to reopen the case for

further testimony, the arbitrators took the matter under advisement, and, after deliberation, determined to do so, and gave the proper notice to both parties. There was no error whatever in their proceedings in this respect. The Circuit Court may admit further evidence after the testimony is closed, as has been decided again and again in Missouri. *O'Flaherty* v. *Kellog*, 59 Mo. 485; *Pearce* v. *Danforth*, 13 Mo. 360; and Mo. Reports *passim*. What the Circuit Court can do in this respect, *a fortiori* arbitrators can do. They are not bound by the technical rules which govern courts. This is well-settled law, and it is useless to dwell upon the point.

3. Lastly, we are told that the arbitrators failed to comply with the by-laws in that they did not enter in any book kept for the purpose a summary of the controversy, or the award made, or the grounds thereof. Such a by-law was merely directory, and the neglect of it did not invalidate the proceedings, though the parties, in their submission, agreed to abide by all the rules of the Cotton Association in regard to arbitration—and this was one of them.

Had it been mandatory, it would have been waived by the parties, since no objection to this neglect was made at the time. The violation of this by-law concerns the Cotton Association, and may subject the arbitrators to pains and penalties, perhaps, but in no respect affects the rights of the parties to this award.

As our own Supreme Court says, in *Tucker* v. *Allen*, 47 Mo. 488: " Courts have ever been disposed to encourage the settlement of difficulties by arbitration."

The proceedings in such cases are regarded with favor and construed with liberality. Awards have very rarely been set aside on the ground of non-observance of unimportant technicalities.

The judgment of the Circuit Court must, therefore, be set aside, and, as all the facts are completely before us,

judgment will be entered here as of date May 4, 1876, for $2,514.25, being the amount of the original award — $2,318.01 — and interest at 6 per cent. to the last-named date. The other judges concur.