Reid and others vs. Martin.

---

REID and others, Appellants, vs. MARTIN, Respondent.

*May 3 — May 20, 1890.*

(*1*) *Taxation of costs: Copies of pleadings.* (*2*) *Sheriff's fees: Presumption.* (*3*) *Appeal: Clerical error: Costs.*

1. The engrossed copy of a pleading or paper in an action is for filing, and costs cannot be taxed for an additional copy for that purpose.
2. Where the sheriff's return shows service of a subpœna on several witnesses both within and without the county, it will be presumed,

in the absence of a showing to the contrary, that his charges of mileage are only for travel within the county.

3. The correction in this court of a mere clerical error in a judgment, which would have been corrected in the court below had attention been there called to it, is not allowed to affect the question of costs on the appeal.

APPEAL from the Circuit Court for *Waukesha* County.

The defendant recovered judgment in the circuit court against the plaintiffs for $72.43 costs. At the time appointed for the taxation of costs by the clerk, counsel for plaintiffs appeared, and made formal objection to the sums charged in the bill presented for taxation for several items of service. These objections were to the items charging for engrossing and three copies of pleadings and other papers necessarily served in the case. The charges are for engrossing and for three copies,— one to file, one to keep, and one to serve. It is claimed that the engrossed copy is for filing, and hence but two other copies can properly be charged,— one to serve and one to keep. There are seven of these items, aggregating 25 folios. The bill also contains a charge of $6.85 for sheriff's fees for service of a subpoena and mileage. The only proof of such charge is the sheriff's return to the writ, which is as follows: "I hereby certify and return that I served the within subpoena on the within named persons, at the village of Waukesha, county of Waukesha, and city of Milwaukee, by reading the same to them personally, on the 20th day of June, A. D. 1889. Fees: service, $1.25; travel, $5.60,— total, $6.85."

The clerk overruled the objections, and taxed the costs as charged in the bill, but by mistake allowed $7.50 for such service and mileage, instead of $6.85, as charged. The plaintiffs, by proper procedure, obtained a review of such taxation by the circuit court. The court affirmed the clerk's taxation, and the sum so taxed was inserted in the judgment. The plaintiffs appeal from so much of the judgment

as awards the defendant more than $64.63 costs. Hence the appeal covers $7.80, which is the amount of the items of costs to which plaintiffs thus objected, together with the sum thus allowed by mistake of the clerk.

For the appellants the cause was submitted on the brief of *Shepard & Shepard*, and for the respondent on that of *Ryan & Merton*.

To the point that if the sheriff serves process beyond his territorial jurisdiction he acts as a private person and his return must be made accordingly, counsel for the appellants cited *Thurston v. King*, 1 Abb. Pr. 126; *Morrell v. Kimball*, 4 id. 352; *Farmers' L. & T. Co. v. Dickson*, 9 id. 61.

Lyon, J. 1. The defendant can only be allowed for necessary copies of the pleadings and other papers served in the case. The engrossed copy is for filing, and he can only be allowed, in addition thereto, for one copy to serve and one to keep,— three in all. The court allowed for the engrossed copy and three other copies,— four in all. The judgment must be reduced by deducting therefrom the fees for one copy of all such papers. These amount to three dollars. It was said in argument that the taxation was in accordance, with the practice which prevails in the thirteenth circuit, but that a different practice prevails in some other circuits in the state. This is not a matter of discretion, and a practice which violates the statute cannot be upheld.

2. There is nothing in the record which shows any overcharge of sheriff's fees on the subpoena. The writ was directed to and served upon five persons. A portion, probably four of them, were served in the village of Waukesha, and the other in the city of Milwaukee. It is claimed on behalf of the plaintiffs that the sheriff is not entitled to fees for travel outside his own county, and, if he is so entitled, the

service can be proved only by affidavit, the same as if made by a private citizen. These propositions are not raised by this record. The sheriff's official certificate is sufficient proof *prima facie* of services rendered in his county, and there is nothing in the record to show any charge for travel outside of it. The witnesses served in Waukesha village may have resided in remote corners of Waukesha county, and the sheriff may have necessarily traveled to their residences to make the service, and, failing to find them there, afterwards found and served them in said village. The statute entitles him to one mileage for the greatest distance actually traveled by him to make such service. S. & B. Ann. Stats. sec. 731. If, therefore, we restrict the allowance to travel in Waukesha county, still there is nothing in the record to show any overcharge of fees.

3. The sheriff's fees on the subpœna are $6.85. The clerk allowed them at $7.50. This was doubtless a mere clerical error, to which the attention of neither the clerk nor court was called. Had it been, the mistake would have been corrected at once. We will correct it. But for the reason just stated, it cannot be allowed to affect the question of costs of this appeal.

*By the Court.*— The portion of the judgment for costs appealed from, to wit, $7.80 thereof, is reversed as to $3.65, and affirmed as to the residue, without costs to either party, except the defendant must pay the clerk's fees in this court.