Duncan vs. Erickson.

DUNCAN, Plaintiff in error, vs. ERICKSON, Defendant in error.

*March 25 — April 12, 1892.*

*(1) Reference: Consent of parties: Presumption on appeal. (2–4) Taxation of costs. (5) Costs in supreme court.*

1. Where a reference was ordered in a case in which written consent thereto was necessary under sec. 2864, R. S., it will be presumed on appeal, in the absence of anything in the record to the contrary,

that such consent was given. An exception to the findings of the referee, that he had no authority or jurisdiction to hear, try, and determine the action, and an exception to the findings of the court, that it should have held the reference to be a mere arbitration and discontinuance of the action, are *held* not properly to have raised the objection that the cause was referred without consent.

2. In the taxation of costs attorneys' fees for several days' attendance on the trial before a referee should not be allowed without proof of the duration of such trial.

3. Term fees should not be allowed for more than three terms.

4. No allowance should be made for a copy of a pleading or other paper *to file*, in addition to the engrossed copy and a copy to keep.

5. A judgment being affirmed in part and reversed in part, no costs in the supreme court are allowed to either party.

ERROR to the Circuit Court for *Taylor* County.

The defendant in error sued *Duncan* for the wrongful and unlawful cutting and carrying away of pine timber and saw-logs, the property of the plaintiff, from certain premises, of the alleged value of $1,000, and for converting the same to his own use. The defendant answered by a general denial. An order was made referring the action to a referee, to hear, try, and determine it; but the order does not show that the defendant consented to the reference, and the record is silent on that subject. The parties appeared before the referee, and proceeded to trial, at which ten witnesses were examined on the part of the plaintiff, and eight on the part of the defendant. Various rulings in regard to evidence were made by the referee, which were subsequently affirmed by the court, but they present no point deserving of special notice. The referee found the defendant liable for 67,000 feet of lumber, valued at $737. The defendant excepted to the report, among other things, that as to the amount with which the defendant was charged it was contrary to evidence; and that the referee "had no authority or jurisdiction to hear, try, or determine the action." Upon motion to confirm the report, the circuit court reduced the amount found against the defendant to

23,500 feet, of the value of $258.50, and made an entirely new finding, ordering judgment accordingly, and denied the defendant's motion to set aside the report. The defendant excepted to the findings of the court as to the facts, and also that the court should have held that the reference is and was "a mere arbitration and discontinuance of the action." The defendant objected before the clerk to various items of the plaintiff's costs, and, as his objections were overruled, he appealed from the taxation to the court. The court disallowed various items, and overruled the objections to others hereinafter noticed. The defendant sued out a writ of error upon the judgment rendered against him.

*John B. Hagarty*, for the plaintiff in error, contended, *inter alia*, that this is an action of tort and could not be referred without the written consent of the parties; and a reference without such consent is a mere arbitration and a discontinuance of the action. *Littlejohn v. Regents*, 71 Wis. 437; *Stacy v. M., L. S. & W. R. Co.* 72 id. 331; *Messenger v. Broom*, 1 Pin. 630. The statute should be strictly pursued, and the facts giving jurisdiction should appear on record. *Shaw v. Kent*, 11 Ind. 80. A referee has judicial powers, and can obtain these only through an order of court based on the written consent of the parties; or at least the consent should be given in open court and entered on the minutes. *Stone v. Merrill*, 43 Wis. 72; *Mead v. Walker*, 17 id. 189; *Waterman v. Waterman*, 37 How. Pr. 36; *Thatcher v. Powell*, 6 Wheat. 127. The appearance of the defendant, *Duncan*, before the referee and going to trial did not give the referee jurisdiction. *Damp v. Dane*, 29 Wis. 419; *Camp v. Root*, 18 Johns. 22; *Green v. Patchin*, 13 Wend. 294; *Van Slyke v. Trempealeau Co. F. M. F. Ins. Co.* 39 Wis. 390.

For the defendant in error there was a brief by *Clinton Textor* and *G. W. Adams*, and oral argument by *Mr. Textor* and *Burr W. Jones*.

Duncan vs. Erickson.

PINNEY, J.   A considerable part of the briefs in this case
is devoted to a consideration of the conflict of evidence aris-
ing out of the testimony of the ten witnesses on the part
of the plaintiff and the eight on the part of the defendant.
There is sufficient evidence to sustain the finding of the
circuit court for the reduced amount of $258.50.   It would
serve no useful purpose to enter into details.   The record
in this respect does not present any proper matter for dis-
cussion and decision in this court, there being no clear and
decided preponderance of evidence against the finding of
the court.

1. The order of reference does not refer to or state any
written consent of the parties to the reference to hear, try,
and determine the action, nor does the record show any
waiver of trial by jury by the defendant by written consent,
in person or by attorney, filed with the clerk, or by oral
consent in open court entered in the minutes, according to
sec. 2862, R. S.   Sec. 2864 provides that "all or any of the
issues in the action, whether of fact or of law, or both, may
be referred, in the discretion of the court, upon the writ-
ten consent of the parties;" and in certain enumerated
cases, of which this is not one, the court, when the parties
do not consent to a reference, may order it upon applica-
tion of either party or of its own motion.   It does not ap-
pear that the question whether the order of reference
was properly made or not was ever presented to or decided
by the court below, unless it can be held that the exception
to the findings of the referee, that the referee "had no
authority or jurisdiction to hear, try, and determine the ac-
tion," was sufficient for that purpose, or that the question
is presented, by the exception to the finding of the court,
that "the reference was a mere arbitration and discontinu-
ance of the action."   The first exception is too vague and
general, and it does not point out any specific defect of
authority or jurisdiction, or, if it does, the ruling of the

court on it must be accepted as a determination that the proper consent to the reference had been given. The exception to the finding of the court seems to assume that consent to the reference had been given, because it characterizes the reference as " a mere arbitration and discontinuance of the action," which could occur only by consent of the parties.

It is not claimed that any question was raised in respect to the reference until after the trial, lasting six days, had resulted adversely to the defendant, and even then it is attempted to be raised in a manner quite as well calculated to conceal as to disclose the real objection, now made for the first time so far as we can see, that the cause was referred without the written consent of the defendant. The presumption is that the order was made upon proper written consent, and error in this respect, the court having jurisdiction of the parties and of the action, is not to be presumed. If the defendant had any ground for the objection he now makes, he should have presented it seasonably and in a clear, explicit manner to the court below, with proof of the facts relied on to support it, so that the record of the trial court would present some point for review in this court. There is nothing in the record which impeaches the correctness of the order. It was not necessary that the order should recite the grounds upon which it was made, nor does a written consent to refer a cause become technically a part of the record, unless made so by bill of exceptions. The record being sufficient to sustain the order of reference, and the reference superseding a trial by jury under sec. 2864, there is no question as to waiver of trial by jury itself, as provided by sec. 2862, which refers only to trials by the court of cases otherwise triable by jury. In the present condition of the record we must hold, as on former occasions where written consent to a reference was required, that, in the absence of something

to show to the contrary, the presumption is that the necessary consent was given. *Dinsmore v. Smith,* 17 Wis. 20; *Milwaukee Co. v. Ehlers,* 45 Wis. 281; *Gilbank v. Stephenson,* 31 Wis. 592; *Crocker v. Currier,* 65 Wis. 662. The case of *Littlejohn v. Regents of University,* 71 Wis. 437, was a direct appeal from an order refusing a reference, and it necessarily brought before this court the entire case upon which the reference was applied for.

2. The circuit court erred in refusing to disallow items of costs embraced in the appeal from the taxation of the clerk, and in respect to which the action of the clerk was affirmed by the court. The cost bill, as made up and as finally allowed, is a manifest perversion and abuse of the statute. The case made on appeal from the clerk's taxation does not show what proofs were made in respect to certain disbursements, and we will notice only the taxation of attorney's fees. There is allowed for attending the trial before the referee, twelve days, at $3 per day, and then there is allowed for attending the trial before the court, two days, at $6, when no such trial took place and there is nothing to show the duration of the trial before the referee. Sec. 2936 provides that "no fee shall be taxed for services as having been rendered by any attorney . . . in the prosecution of a cause, unless such service was actually rendered, except when otherwise expressly provided."

There is allowed four term fees, at $8, when the statute limits the allowance to three. Sec. 2921, R. S. There is charged in respect to several papers stated to have been prepared by the plaintiff's attorney and served, in addition to the drafting at twenty-five cents per folio, the further sum per folio of twelve cents, first for engrossing, second for copy to file, third for copy to serve, and fourth for copy to keep. The statute (sec. 2921) provides an allowance of twenty-five cents "for drawing all process," etc., "and all other necessary entries, pleadings, and proceedings in an

Duncan vs. Erickson.

action, according to the practice of the court, and for which no special provision is made." And "for engrossing or copying the same, including all records, writs, returns, pleadings, instruments, and all other writings necessarily inserted, for each folio, twelve cents." The charge in each case for a copy to file, in addition to the engrossed copy and copy to keep, is not allowable. This occurs in fifteen items, and in eight of these the charge for a copy to serve is also wholly unfounded, two of these being for services required to be performed by the sheriff, and for which he is allowed a specific fee by law, and in the others the papers in question were not required to be served at all; and, in case of the final judgment, no charge in such an action as this is allowable, except for drawing and engrossing it. The statute regulating costs of attorneys, like any other, should be fairly construed and applied, and it is not intended as a convenient means of extortion or abuse.

The result is that the judgment of the circuit court as to the damages is correct and should be affirmed, but as to the costs it is erroneous and must be reversed; and, inasmuch as the erroneous items are scattered throughout the entire bill, we have thought it better to order a retaxation of the costs. Costs in this court will not be allowed to either party. Sec. 2949, R. S.; *Reid v. Martin,* 77 Wis. 142; *S. L. Sheldon Co. v. Mayers,* 81 Wis. 627.

*By the Court.*— The judgment of the circuit court as to damages is affirmed, and reversed as to costs, a new taxation whereof is ordered.