FLIES, Respondent, vs. FOX BROTHERS BUICK COMPANY, Appellant.

*March 6—April 2, 1929.*

The cause was submitted for the appellant on the brief of *Richmond, Jackman, Wilkie & Toebaas* of Madison, and for the respondent on that of *Higbee & Higbee* of La Crosse.

ESCHWEILER, J. No question is raised but that authority for the allowance of such costs as here in question must be founded upon some statutory regulation. *American Exp. Co. v. Citizens State Bank,* 181 Wis. 172, 190, 194 N. W. 427. It is also unquestioned that such statute should be fairly and reasonably construed and applied. *Duncan v. Erickson,* 82 Wis. 128, 134, 51 N. W. 1140.

Appellant contends that the $115.05 actually paid for the reporter's transcript of the proceedings on the trial, being

used verbatim as received in the preparation of the bill of exceptions, can properly, and only, be considered as an item of taxable costs, either,—and primarily,—in this court·under sec. 271.35, Stats., which regulates costs here, and within the phrase therein found, viz.: "including the sum paid for such copies of the minutes of the phonographic reporter as are necessarily procured for the purpose of completing the record preparatory to an appeal;" or else under the statute regulating the items of costs in circuit court, sec. 271.04, and that part thereof in sub. (12) reading: "All the necessary disbursements and fees of officers allowed by law."

Respondent plaintiff claims that she is entitled, as held below, to the said $469.70, under the long standing practice in the circuit court for La Crosse county and under another provision in said sec. 271.04, namely, sub. (3) : *"Drawing* all process . . . and *bills of exceptions* which shall be necessary, . . . for each folio, 25 cts." If this position be correct, then of course the allowance for engrossing and copying the same at twelve cents for each folio under the sub. (4) following would necessarily be also proper.

We consider it very plain and clear that where, as here, under the statutes and court rules, in preparing a bill of exceptions for an appeal from the circuit to this court, the verbatim transcript of the prior proceedings as furnished by an officer of the court, to wit, the reporter, is necessarily used, the sum that an appellant is required to pay to such officer for such transcript and copies is the maximum and only allowance that can be included in any taxable costs either in the circuit court or here, and of course but once. That the part quoted above from sec. 271.35, Stats., provides specifically for just such sum is plain, and where such a specific provision is found it must regulate and control as against any general language found elsewhere that might cover, or seem to cover, the same situation. When such transcript of the prior proceedings is furnished to an appel-

lant by the reporter, there is nothing being done by the counsel to whom they are furnished that savors of his "drawing" the same so as to be considered as coming within the quoted provision of the circuit court cost statute, sec. 271.04 (3), *supra,* of *drawing a bill of exceptions:* Under the former prescribed practice of reducing the testimony to narrative form for the then required bill of exceptions, the situation was entirely different.

Under our present practice in preparing bills of exceptions, an appellant, therefore, is plainly entitled to charge, as against a losing party, no more for such transcript of the trial proceedings than he is required to pay and does pay to the officer of the court furnishing the same. And the proper place for taxing such a disbursement is in this court and not in the circuit court. The clerk of the circuit court should have sustained the objections of the defendant below to the two items aggregating $469.70 for the bill of exceptions and copies, except as to $1.71 conceded to be proper for the three folios in the notice, and the court below should have so ruled on the motion to review.

The appellant here, defendant below, has, however, in its brief, expressed a willingness to renew its consent offered before the clerk and the trial court to have included as a proper disbursement under sec. 271.04 (12), *supra,* the $115.05 paid the reporter for the originals and copies of the transcript. Upon such concession the bill of costs in the circuit court should now be amended by striking therefrom the two items aggregating $469.70, except as to $1.71, and inserting therein, to be allowed as a disbursement, the said sum of $115.05, and as so modified to then stand as the bill of costs in the court below.

*By the Court.*—Order reversed, and cause remanded with directions to modify the taxation of costs as herein stated. Appellant to have costs in this court.