NORMAN M. CLAPP, Secretary, Department of Transportation
Records on file with the Division of Motor Vehicles show that a large number of courts are disposing of traffic cases by dismissing the charge upon a monetary payment by the defendant. One such court reduces the charge to a warning and dismisses it upon payment of "court costs." In many of these cases, such "court costs" are a substantial amount. For example, in one case where the defendant pleaded guilty to driving while intoxicated, the court dismissed the charge upon the payment of $129 costs. In another case, a different court dismissed the same charge upon the payment of $184 costs. You point out that these amounts appear to be more in the nature of a forfeiture penalty than a reflection of costs authorized by statute. Other cases are dismissed upon payment of lesser amounts or court costs authorized by statute, such as $7 in civil cases and $9 in criminal cases. One court finds the defendant guilty upon his plea of guilty or no contest and imposes a monetary penalty and costs. The court then advises the defendant that the case will be held open for 90 days, and that, if during that period of time the defendant maintains a driving record clear of violations, the court will then dismiss the "point assessment." Since the court has no control over the assessment of demerit points, it appears that what the court is doing is to dismiss the charge entirely, but the monetary penalty and costs are not returned to the defendant. Such dispositions do not result in a point assessment by the Division of Motor Vehicles because there are no convictions in these cases. Nevertheless, the county or municipality involved receives substantial sums of money. You point out that such dispositions frustrate the purpose of the demerit point system authorized by the legislature in sec. 343.32
(2), Stats.
Your question is whether courts are authorized by statute to dispose of traffic citations by dismissal upon the payment of court *Page 329 
costs or a payment of a penalty and court costs. It is my opinion that such a disposition is not authorized by statute.
This problem has arisen previously, and 49 OAG 171 (1960) ruled that this is an improper practice. This opinion was followed by extended litigation in the Circuit Court of Dane County over the practice of the then Superior Court of Dane County of dismissing traffic citations upon the payment of costs. This litigation was finally terminated upon the agreement of the judge of that court that he would no longer follow that practice in future cases. However, this problem has now arisen again and the practice seems to be followed, at least in certain cases, by a number of courts.
Court costs were unknown to the common law. Their origin is strictly statutory. Accordingly, unless there is a statute which expressly provides for the taxation of costs, no court is authorized to render a judgment for costs in connection with either a civil or a criminal case. This principle is fully discussed in 20 C.J.S. Costs, secs. 2 and 435. In Faust v. TheState (1878), 45 Wis. 273, 277, the court held:
 ". . . The imposition of costs upon a party to either a civil or criminal action is regulated by statute. At common law no costs were recoverable by either party."
In Will of Larson (1933), 211 Wis. 237, 241, 247 N.W. 880, the court reversed an allowance of costs which exceeded the statutory amount, saying:
 ". . . This was error. Costs are not allowable except as provided by statute . . ."
In Hurlbut v. Wilcox (1865), 19 Wis. 441, 442, the court reached a similar result. To the same effect, see State ex rel. Nelson v.Grimm (1935), 219 Wis. 630, 637, 263 N.W. 583; Gustin v. Johannes
(1967), 36 Wis.2d 195, 208, 153 N.W.2d 70; Rheingans v. Hepfler
(1943), 243 Wis. 126, 134, 9 N.W.2d 585; Flies v. Fox BrothersBuick Co. (1929), 198 Wis. 496, 224 N.W. 705, and AmericanExpress Co. v. Citizens State Bank (1923), 181 Wis. 172, 190,194 N.W. 427.
The basic principle of the taxation of costs is that they are taxed against the losing party in favor of the winning party. Section 271.01 *Page 330 
(1), Stats., provides that costs shall be allowed, of course, to the plaintiff upon a recovery. Similarly, sec. 271.02 (2), Stats., provides that in equitable actions, the court may award to the successful party such costs not exceeding $100 as the court deems reasonable and just. Also, sec. 271.03 (1), Stats., provides that, if the plaintiff is not entitled to costs, the defendant shall be allowed costs. From this, it is clear that costs may not be awarded to the plaintiff unless he prevails, and the defendant must pay costs only if he loses. In Squires v.Brown (1919), 170 Wis. 165, 173, 174 N.W. 548, the court commented upon this problem as follows:
 ". . . Under the foregoing statute the plaintiff is entitled thereto [to costs] upon a recovery in his favor, and the defendant shall recover costs in the action `unless the plaintiff be entitled to costs therein.' These provisions clearly indicate that costs shall be awarded to the plaintiff if he obtains any recovery, and that the defendant is entitled thereto only when the plaintiff fails in a recovery in the action. . . ."
It follows that, when the plaintiff's complaint is dismissed, the plaintiff loses and the defendant prevails. Such a plaintiff is not entitled to costs, but the defendant is entitled to costs. It would be entirely inconsistent to require the defendant to pay costs when the complaint is dismissed and the defendant prevails. There is no statutory authority for such a result. It follows that no court is authorized to dismiss a complaint and tax costs against the defendant when he prevails.
Violations of county and municipal traffic ordinances and most state traffic statutes are punishable only by a civil forfeiture and not by a fine or imprisonment. Thus, most actions for traffic violations are now civil in nature. The procedure for prosecuting such actions is set forth in ch. 345, Stats. Section 345.34 (1), Stats., provides that, upon arraignment, the defendant may plead guilty, not guilty, or no contest. Section 345.34 (2), Stats., provides:
 "If he pleads guilty or no contest the court shall accept the plea, find him guilty and proceed under s. 345.47."
If the defendant pleads not guilty, a trial date is set as provided by sec. 345.36, Stats., and the case proceeds to trial. If the defendant is found guilty upon his plea of guilty or no contest, or upon the trial, *Page 331 
the court then proceeds under sec. 345.47 (1), Stats., which provides that, if the defendant is found guilty, the court may enter judgment against him for a monetary amount not to exceed the maximum forfeiture provided for the violation and for costs. It is clear from these statutes that a monetary penalty and costs may be assessed against the defendant only on a finding of guilty and only by the entry of a judgment. There is no authority for the assessment of a penalty and costs or costs alone without a guilty finding and entry of judgment. It follows that there is no authority for the assessment of a penalty and costs or costs alone as a condition of dismissal.
As previously discussed, costs are ordinarily taxed against the losing party in favor of the prevailing party. However, as to traffic cases, this is not entirely correct. Section 345.53, Stats., provides that in traffic regulation actions, costs may not be taxed against the plaintiff. Section 271.21 (3), Stats., provides that a municipality need not advance the suit tax, but shall be exempt from such tax until the defendant pays costs pursuant to sec. 299.25, Stats. Similarly, sec. 299.08, Stats., provides that a municipality, as plaintiff, is exempt from the clerk's fee and suit tax until the defendant pays costs. Thus, in traffic regulation cases, the plaintiff does not advance the clerk's fee and suit tax, and if the complaint is dismissed, such costs are not taxed against the plaintiff. However, this furnishes no authority for taxing costs against the defendant where the complaint is dismissed. The defendant pays costs only where he has been found guilty and a judgment has been entered. The result of this is that where the complaint is dismissed, costs are not taxed against either party.
As to criminal cases, sec. 972.13 (1), Stats., reads:
 "A judgment of conviction shall be entered upon a verdict of guilty by the jury, a finding of guilty by the court in cases where a jury is waived, or a plea of guilty or no contest."
Section 972.13 (6), Stats., provides the form which may be used for the judgment. This form provides certain alternate paragraphs which may be used to fit the needs of a particular case. One of these alternate paragraphs reads:
 "IT IS ADJUDGED that the defendant is ordered to pay a fine of $. . . . (and the costs of this action)." *Page 332 
This section also includes a form for judgment where the defendant is found not guilty, which reads, in part:
 "IT IS ADJUDGED that the defendant has been found not guilty by the verdict of the jury (by the court) and is therefore ordered discharged forthwith."
This form contains no reference to costs.
Section 973.06 (1), Stats., reads, in part:
 "The costs taxable against the defendant shall consist of the following and no others:"
This is followed by a specification of the disbursements and fees which can be allowed in criminal cases. Section 973.06 (2), Stats., reads:
 "The court may remit the taxable costs, in whole or in part."
It is clear from these statutes that a defendant in a criminal case may be required to pay costs only when he has been found guilty. There is no statutory authority to permit a court to assess costs against a defendant in such a case upon dismissal. This would apply to the few remaining statutory traffic violations which are still criminal in nature.
Where a person has been found guilty upon his plea of guilty or no contest, and judgment for a monetary forfeiture and costs has been entered, the amount of such costs is relatively small. In civil traffic cases, the costs are $7. This includes a $2 clerk's fee and $5 suit tax. See secs. 299.08 and 271.21 (1) (b) and (2), Stats. In criminal traffic cases, the costs are $9. This is made up of a $6 clerk's fee and a $3 additional fee. See sec. 59.42
(1) (a) and (e), Stats. These statutes furnish no authority for taxing these costs or substantially higher costs against the defendant as a condition of dismissal.
We assume that, when a court dismisses a traffic complaint upon the payment of "court costs," the money is paid to the clerk of court. We are not informed how this money is applied by the clerk, and whether it is applied to clerk's fees, suit tax, or other fees and costs. However, in most cases, these costs are greatly in excess of any fees such clerks are authorized to receive even upon a finding of guilty and the entry of a judgment for a forfeiture and costs. In the opinion of *Page 333 
this office in 49 OAG 171, 173, previously referred to, the opinion was expressed that the charging of excessive fees is illegal and that such conduct probably violates sec. 946.12 (5), Stats. That opinion also stated:
 "Sec. 66.113 requires that every officer upon receiving fees for an official duty must, upon request, provide a particular receipted account of such fees, specifying for what they respectively accrued. It naturally follows that only a service necessary to the disposition of a cause before the court can be listed and charged for. To attempt to make a charge for a service which was not performed, or which the judge or justice knows was not a necessary service to the fulfillment of his duty, would be in violation of sec. 946.12 (4)."
It is the public policy of this state, as established by sec.343.32 (2), Stats., that persons who are habitually reckless or negligent in the operation of motor vehicles or who have repeatedly violated the traffic laws shall have their operating privileges suspended or revoked for a time. This statute further provides that, for the purpose of determining when to suspend or revoke an operating privilege, the Administrator of the Division of Motor Vehicles may determine and adopt by rule a method of weighing traffic convictions by their seriousness. Pursuant to this authority, the Administrator has adopted the so-called "point system," published as a rule in ch. MVD 11, Wis. Adm. Code. Under this system, traffic violations are assigned a point value. When a person accumulates a certain number of demerit points in a specified period of time, the Administrator revokes the operating privilege for a period of time, up to one year, depending on the seriousness of the driver's record. This point system operates on the basis of reports of convictions sent in by the court clerks as required by sec. 343.28, Stats.
At this point, I wish to make it clear that any court may and should, in the exercise of sound judicial discretion, dismiss any traffic complaint when it is the opinion of that court that there is a legal defect in the proceedings or the evidence is insufficient to establish the offense charged. However, to dismiss a complaint where the evidence would support a conviction, results in no conviction report being sent to the Division of Motor Vehicles. Under such circumstances, the driver's record at the Division of Motor Vehicles *Page 334 
does not accurately reflect his driving habits and ability, and does not correctly measure his potential as a safe or unsafe driver. Thus, a driver, whose driving is such that his operating privileges should be revoked, may remain on the highway and be a potential danger to other users of the highway.
The legislature has delegated to the Administrator of the Division of Motor Vehicles the authority and responsibility for determining when a person should be warned, counseled, reexamined, or taken off the road by the revocation of his driving privilege. The Administrator cannot fully perform his function if he does not receive all conviction reports which are the basic data upon which he makes his determinations. Where a court concludes that the evidence is sufficiently clear to show that the defendant should be punished and, therefore, assesses a substantial monetary penalty and costs, or costs alone as a condition to dismissal, the Administrator receives no conviction report. The result is that the person's driver's record does not accurately reflect his driving behavior and the Administrator is deprived of the basic data he needs to perform his duties. If a defendant is innocent, the traffic complaint should be dismissed without penalty or costs. Where the defendant is guilty and deserving of punishment, the court should find him guilty and assess the appropriate penalty and costs, and send a conviction report to the Administrator. It is apparent that some courts in some cases are reluctant to dismiss a complaint without a penalty because they feel that the defendant is deserving of punishment and that the public treasury should receive the penalty to be paid. This appears to be the reason why they dismiss upon the payment of penalty and costs. The result is that the defendant is punished, the public treasury receives the money, no conviction is entered, and the Administrator receives no conviction report. Thus, the driver's record inaccurately depicts his driving habits. This frustrates the basic public policy established by statute, pursuant to which the point system was established.
It is, therefore, my opinion that courts may not dismiss traffic complaints upon payment of penalty and costs, or costs alone, for the reason that this is not authorized by statute, and for the further reason that this frustrates the public policy which led to the establishment of the point system.
RWW:DCM:AOH *Page 335